The State of Missouri, to use of Lechter et al., v. Schar et al.

---

THE STATE OF MISSOURI, TO USE OF JACOB LECHTER AND LEWIS MOSMEYER, Plaintiffs in Error, v. JOHN SCHAR et al., Defendants in Error.

1. *Constable, bond of, action on — Execution, failure to return.* — In suit on a constable's bond for failure to return an execution, it is sufficient for plaintiff to show that the execution was delivered to defendant; and it is not necessary, in order to make out plaintiff's case, to show the failure to return it.

2. *New trial, motion for — Instructions — Surprise.* — It is no ground for a new trial that appellant was surprised by the giving or refusal of instructions.

*Error to Cole Circuit Court.*

*George T. White,* for plaintiffs in error.

*Lay & Belch,* for defendants in error.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a constable's bond for failure to return an execution. The answer of the sureties was a general denial

of all the allegations. The plaintiff, to maintain his case, read the docket of the justice, which showed a judgment and the issuing of an execution; but there was nothing on the docket, nor any other evidence, to show that the execution was delivered to the constable.

On this evidence the plaintiff asked the court to declare the law to be that if the execution was delivered to the constable it devolved upon the constable to show that it had been duly returned. This instruction was refused, and the court having found for defendants, the plaintiff filed a motion for a new trial, accompanied by the affidavit of his attorney that he was taken by surprise by the decision of the court in refusing his instruction. The motion for a new trial was overruled and judgment given for defendants.

The general rule is that he who alleges an affirmative is bound to prove it. But there are some exceptions to this rule. Where the plaintiff grounds his right of action upon a negative allegation, and the proof of the affirmative is not peculiarly within the knowledge and power of the other party, the establishment of this negative is an essential element of the plaintiff's case. Where, however, the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party. (1 Greenl. Ev., § 79.) This is the case in regard to informations or indictments against persons for keeping a dram-shop without license. The State proves the selling of the liquor, and rests, and the defendant must produce his license. There is some conflict in the authorities on this question, but I think the better rule in such case is that the *onus* is on the defendant to produce his license. (See Schmidt v. The State, 14 Mo. 137; The State v. Morrison, 3 Dev., N. C., 299; Haskill v. The Commonwealth, 3 B. Monr. 342; Geuing v. The State, 1 McCord, 573; Shearer v. The State, 7 Blackf., Ind., 99; Turner's case, 5 Maule & S. 206; Apothecaries' Co. v. Bently, 1 Carr. & P. 538.)

I see no material difference between the case of a license and an execution. If you prove that an execution was delivered to a constable or a sheriff, to be executed by him, he ought to account for it. What was done by him with the execution, is within his

peculiar knowledge. If he still has the execution he can·produce it. If he has returned it he has access to the files, and can protect himself by his return on the execution. This was·the doctrine as declared by this court in The·State, etc., v. Melton *et al.*, 8 Mo. 417, and we see no reason to change·the rule. In the case under consideration there was no proof that the execution was ever delivered to the constable, and, for this reason the instruction was rightly refused.

The affidavit filed with the motion for a new trial·affords no grounds for setting aside the verdict. The giving or refusing of instructions cannot operate as a surprise. If they are not the law, the party has his remedy by appeal or writ of error. If they are the law, the party is not injured, and there could be no surprise, as he or his counsel should have made themselves acquainted with all the law of his case.

Judgment affirmed. The other judges concur.