STATE TO USE J. T. KELLY, Respondent, *vs.* L. H. COBB, *et al.*, Appellants.

1. *Damages, measure of.—Constable. suit on bond of.—Evidence.*—Where it is shown by the evidence, that the plaintiff had recovered a judgment, that execution issued and was levied by the constable upon property equal or exceeding in value the amount of the execution, a *prima facie* case for recovery is established.

2. *Damages, measure of.*—The measure of damages in such case is the amount of the plaintiff's recovery in the former action.

*Appeal from the Special Law and Equity Court of Jackson County.*

*W. E. Sheffield*, for Appellants.

*Frank Titus*, for Respondent, cited: Sedg. Dam. [4th ed.] 592 ; State to use of Liecher vs. Miller, 48 Mo. 251 ; Wagn. Stat. 844, § 19, *et seq.*

NORTON, Judge, delivered the opinion of the court.

This was a suit instituted before a justice of the peace of Jackson county under Wagn. Stat. 844, § 19, against defendant, Cobb, and the securities on his bond as constable. The statement filed with the justice alleged that an execution in favor of plaintiff for $36.05, was delivered to defendant, Cobb, who was a constable ; that it was levied upon property of the defendant in the execution of the value of ninety dollars ; that from the proceeds of said property, or the property itself, said constable received ninety dollars, and that said defendant had wholly failed to pay said plaintiff the sum of $36.05, the amount of his judgment.

There was a trial and judgment for plaintiff before the justice, from which an appeal prosecuted to the law and equity court of Jackson county, where, upon a trial *de novo*, judgment was again rendered for plaintiff, from which defendant has appealed to this court. The principal point relied upon by defendant, as shown by the evidence, was that the goods which had been levied upon by the constable were taken from him by a writ of replevin, and were afterwards sold by the sheriff of Jackson county and not by him.

The evidence on this point was conflicting, but inasmuch as the case was tried by the court sitting as a jury we deem it unnecessary to determine on which side it preponderated, and shall only consider the objection to the action of the court in giving the instruction asked for by plaintiff, and refusing those asked by defendant.

In plaintiff's instruction the court declared that if the plaintiff obtained judgment before a justice of the peace, as alleged in his complaint, upon which execution was issued and delivered to defendant Cobb, constable, who by virtue thereof, and of his office, seized on the goods and chattels of Forbes, the defendant, in the execution, and that said goods were liable to execution, and that Cobb subsequently sold said goods and failed to pay over the proceeds thereof to plaintiff, and that the goods so seized and sold were of the value or amount of said execution and cost, then there was a breach of the bond rendering his sureties liable, and the rule of damages is the amount of plaintiff's said judgment.

The following instructions on the part of defendant were refused: 1. That the plaintiff must show that defendant, Cobb, received and obtained something from the proceeds of the property levied upon, if any such was levied on, and the plaintiff cannot recover in this action unless he shows that said Cobb, as constable, collected money on said execution, and that although Cobb might have levied the execution on the property, yet, unless the evidence shows he conveyed the same into money, the plaintiff cannot recover.

That the plaintiff's right to recover is limited in this case to the amount of money, with interest, which it is shown defendant, Cobb, collected on the execution, which he had after deducting cost ; and the value of the property taken on the execution is no measure of damages. The first of these instructions is erroneous in this that it required the plaintiff to show that Cobb, the constable, received something from the proceeds of the sale of the property levied upon before he could recover. When a levy and sale of property is shown by plaintiff, of property equal or exceeding in value the amount of the execution, he makes a

*prima facie* case of his right to recover the amount of his execution ; and the burden of overthrowing such case rests upon the defendant. (State to use of Letcher vs. Schar, 50 Mo. 393 ; State *ex rel.* McDonald vs. Langdon 57 Mo. 393.)   The second instruction is open to the same objection as the first.

We think the law of the case was fully embraced in the instruction given for the plaintiff.   Under it, the court, before giving a verdict for plaintiff, was required to find that an execution issued upon a judgment in plaintiff's favor, which was placed in the hands of the constable, and was by him levied upon goods of defendant in the execution, subject to execution ; that the goods were by him sold, and were of the value or amount of plaintiff's judgment, and that defendant failed to pay over the proceeds thereof.   The measure of damages upon these facts was properly declared in the instruction to be the amount of the judgment.   It is also urged as an objection that the instruction was erroneous because there was no evidence that the property was sold.   The return made by Cobb shows that an extension table and four boxes of goods had been levied on, and also shows a a charge of $5.00 for keeping goods and $1.00 for advertising.

Kelly states in his evidence that some of the goods were sold on the public square and Cobb states that he sold the goods under other executions.

Judgment affirmed in which the other judges concur, except Sherwood, C. J., absent.