THE STATE *ex rel.* HAGAN V. FRAZIER *et al.*, *Appellants.*

1. Action on Sheriff's Bond: PRIMA FACIE CASE. In an action on a sheriff's bond to recover money due plaintiff from a sale of real estate under partition proceedings, a *prima facie* case is made out by showing a judgment of partition and for the sale of the property and distribution according to the interest of the parties as found, and the approval of the sheriff's report of sale.

2. ——: ——: DISTRIBUTION. On the approval of the sheriff's re-port of sale no further order of distribution is necessary, and it becomes his duty at once to pay the proceeds, after deducting costs, to the parties entitled to them.

*Appeal from Jefferson Circuit Court.*—HON. JOHN W. EMERSON, Special Judge.

AFFIRMED.

*Dinning & Byrns* for appellants.

(1) The petition in this case does not allege that, up to the filing of the report of the sheriff in the parti-tion suit, that the court made an order of distribution of the proceeds of said sale, as is required by section 3381 of the Revised Statutes of Missouri of 1879. With-out this order of distribution these sureties, defendants herein, are not liable on this bond. The court alone can make the order of distribution. *Hinds v. Stevens,* 45 Mo. 209; *Murry v. Yates,* 73 Mo. 13. There being no

proof offered of an order of distribution, the court should have given the instruction prayed by the defendants at the close of the testimony for plaintiff. (2) The law presumes that every officer performs his duty, and if it were legal for Jones, the sheriff, to pay this money over to Hagan, the law presumes that he did it. Plaintiff, to have recovered, should have been compelled to rebut that presumption by proof of non-payment. Especially is this presumption right in the case at bar, for the sureties could not know, and did not know, whether it had been paid or not, and it would be requiring very little of the plaintiff, the only person who could know, to go on to the witness stand and testify.

*Wislizenus & Kleinschmidt* and *W. W. H. Thomas* for respondent.

(1) It is sufficient in a suit on a sheriff's bond to prove the fact that the sheriff received the money. It devolves on defendants to prove payment. *State to use Letcher v. Schar*, 50 Mo. 393; *State to use Kelly v. Cobb*, 64 Mo. 586. The presumption that every official does his duty is rebutted by the fact that the sheriff absconded. To abscond is to hide, or flee, to avoid legal process. *Ross v. Clark*, 32 Mo. 296; Wharton's Dictionary. It hardly seems necessary to argue that a presumption, that a man has performed his duty, is decidedly shaken by the fact that he is a fugitive from justice. When the burden of proving a negative is imposed on a party, it is sufficient if he offer such testimony as, in the absence of counter evidence, would afford ground for presuming that the allegation is true. Greenleaf on Evidence [14 Ed.] sec. 78, p. 111. (2) It cannot be the law that there is no liability on the part of the sheriff prior to an order of distribution. His duty is not only to pay over when the court orders it;

but it is also, and in no less degree, his duty to keep money safely. Half the real estate was Hagan's, and as soon as it was sold, half the money was Hagan's. The sheriff held as bailee. When he made away with the subject of bailment, he became liable.

BLACK, J.—This is a suit against Thomas J. Jones and his sureties on his official bond as sheriff to recover moneys due to James Hagan from a sale of real estate under partition proceedings in which Hagan was a party plaintiff. The suit was dismissed as to Jones because he could not be served with process. Defendants demurred to the plaintiff's evidence and the only question in the case is whether the plaintiff made out a *prima facie* case by his proofs.

The plaintiff read in evidence the record in the partition suit, from which it appears there was a finding of the interests of the parties, Hagan being the owner of the one half, and that partition in kind could not be made, followed by a judgment that partition be made; that the property be sold by the sheriff; and that, after the payment of the costs, he divide the proceeds among the parties according to their respective interests. The sheriff's report shows that he sold the property and received the cash payment from the purchaser, pursuant to the terms of the order of sale. This report was duly approved by the court on the seventeenth of October, 1880. Evidence that at the time of the sale the sheriff defaulted and ran away was excluded. By this suit plaintiff seeks to recover one-half of the cash payment.

The claim made here by the defendants that there was no order of distribution cannot be sustained. It is to be observed that the court, by the judgment that partition be made and to that end the property be sold, also directed a distribution of the proceeds according to the interests of the parties as found. On the approval of the sheriff's report no further order of distribution was

necessary, and it became his duty, at once, to pay the proceeds, first deducting costs, to the parties entitled thereto. While plaintiff failed to show that the money had not been paid to him, still he made out a case. We held in *State to use v. Schar et al.*, 50 Mo. 393, which was an action on a constable's bond for failure to return an execution, that plaintiff made out a case by showing a judgment and that execution had been issued thereon. So where a levy of an execution and sale of property of a value equal to or greater than the amount of the execution is shown by the plaintiff, he thereby makes out a *prima facie* case against the constable and his sureties. *State to use of Kelly v. Cobb et al.*, 64 Mo. 586.

Applying the principle of these cases to the one in hand, it follows that the plaintiff made out a *prima facie* case, and the judgment is, therefore, affirmed. Henry, C. J., absent. The other judges concur.