THE KANSAS PROTECTIVE UNION v. ELLEN WHITT, *et al.*

1. LIFE INSURANCE; *Formal Proof of Death; Waiver.* After the death of a person holding a policy of insurance, and the insurance company is notified of his death by the beneficiary named in said policy, and the company refuses to pay upon the grounds that deceased was not a member of the company, and that the policy had been canceled for non-payment of a note given for membership fee, *held*, that no formal proof was necessary, and that by denying all liability the company waived proof of death.

2. POLICY; *Note, not Paid; No Forfeiture, When.* Where a policy contains no express stipulation that the failure to pay a note given for membership when due would render the policy void, and after a note so given becomes due, the time of payment is extended by the company, and death occurs before this time of payment runs out, *held*, that no forfeiture of the certificate of membership can be declared for non-payment of the note when first due.

3. ——— *Recovery by Beneficiary; Assessments; Evidence.* Where a policy contains an undertaking on the part of the insurance company to pay the beneficiary therein named $2,000, upon the death of the insured, and not to exceed seventy-five per cent. of the assessments collected, the beneficiary may recover on said policy without proving demand on the company to make assessments, or show that assessments have been made; or, if made, the amount collected thereon.

*Error from Rice District Court.*

ACTION brought by *Ellen Whitt*, widow of Andrew Whitt, deceased, and the seven minor children of said decedent, against *The Kansas Protective Union*, to recover $2,000 and interest upon a certain policy issued by the defendant. Trial by jury at the May Term, 1885, and verdict for the plaintiffs for $2,000, principal, and $43.32, interest. New trial denied, and judgment accordingly for the plaintiffs. The defendant brings the case here.

*Foster & Hayward*, and *T. R. Patton*, for plaintiff in error.
*O. C. Cowgill*, and *E. A. Austin*, for defendants in error.

Opinion by CLOGSTON, C.: The policy, the foundation of this controversy, contains the following undertaking on the part of the company:

"The said union does hereby promise and agree to pay . . . the sum of two thousand dollars, to Ellen Whitt (wife), or her executors, administrators, or assignees, within sixty days from the close of the quarter in which satisfactory proofs of the death, during the continuance of this certificate, of the above-named member are received. It is provided, however, that the sum thus to be paid is conditioned upon assessments made therefor, and shall in no case exceed seventy-five per centum of the amount received thereon."

The policy also contains some twelve conditions, but two of which are brought into question in this action. They are as follows :

"That the annual dues and assessments, and any note given for any indebtedness to the union, shall be paid on or before the day on which they became due."

"That if the certificate becomes a claim before the sum of ten dollars for each one thousand dollars of indemnity named shall have been received from payments made thereon for benefit of the reserve fund of this union, the right is reserved by this union to deduct such deficiency from the amount due the beneficiary under this certificate."

The plaintiff in error contends that it is not liable on this

policy: first, because no proof of death was furnished by the defendants in error as required by the conditions of the policy; second, that the certificate of membership was canceled for non-payment of a note given for membership fee at its maturity; third, the court erred in refusing to allow the plaintiff to prove by its secretary that one Doyle was not its general agent; fourth, defendants in error failed to show that assessments had been made, and whether collected or paid in; fifth, the judgment was too large by twenty dollars.   These five assignments are all the errors claimed and discussed in the plaintiff's brief, and we shall take them up in the order presented.

I.  The evidence established the following facts: At the time Andrew Whitt became a member of the Kansas Protective Union, the fee of membership was eight dollars.  In payment of that sum he gave his note, due August 30, 1884, and after the note became due he wrote to the company for an extension, which was granted until November 1, 1884.  On October 26 he died, and on October 30 his son, one of the defendants in error, wrote to the secretary, inclosing eight dollars, and signed his father's name to the letter.  Immediately after the death of Andrew Whitt, the beneficiary in the policy informed one Doyle, who was the general agent of the defendant, living in Sterling, Rice county, of such death, and requested him to inform his company, which he did by letter on November 4, and in reply thereto he was informed by the company that Whitt was not a member of its company, his certificate of membership having been canceled for non-payment of note given in payment for membership fee, and that it was not liable and would pay nothing.   It was the rule and custom of the company upon being notified of the death of one of its members to at once forward the proper blanks on which to make proof of death, as required by its rules.   No such blanks were furnished to the beneficiaries, and no proof of death was made.

Under this evidence, we think no proof was required of the beneficiaries of the death of Whitt.  The union had disclaimed its liability, and insisted that the certificate of membership had

been canceled, and for that reason it sent no blanks for proof of death. Had it simply refused to pay because no proof of death had been made, then that objection would be good; but as the union disclaimed on other grounds, it must rely upon the objection then made. The court instructed the jury that the denying of the liability on the part of the union to pay the loss was a waiver by the company of its right to demand the proper proof of death. We think the authorities fully sustain this rule laid down in the charge upon this point. In *Transportation Co. v. Insurance Co.*, 34 Conn. 561, the court held that presentation of proof under such circumstances was of no importance to either party, as the law rarely if ever requires the observance of an idle formality, especially after the parties for whose benefit the original stipulation was made had rendered conformity thereto unnecessary and practically superfluous. (See also *McBride v. Insurance Co.*, 30 Wis. 562; *Insurance Co. v. O'Connor*, 29 id. 241; *Insurance Co. v. Kranich*, 36 Mich. 289; *Donahue v. Insurance Co.*, 56 Vt. 382.)

II. Was the policy forfeited by the non-payment of the note? We think not. In the first place, there is no clause in the certificate that, by reason of non-payment, the certificate shall become void. Of the twelve conditions thereto, two or more contain the provision providing for a forfeiture upon non-compliance, and rendering the certificate void. This certificate was prepared by the company, and the construction thereof must be considered strictly against it. If it desired to render the policy void by reason of non-payment, it should have provided for that forfeiture. But outside of this, after the note became due, Whitt requested its agent, Doyle, to write to the company, and have the time of payment extended to November 1st, and in reply the company wrote that no suit would be brought upon the note until after November 1st. Now the request must govern in this case, and it can make but little difference in what language the reply was couched. It was enough, whatever was said, to say in concluding their letter, "as requested." "As requested" means that the time would be extended, and that no suit would be brought until after

November 1st. This was practically extending the time of payment, and nothing was due on that note at Whitt's death. On October 30th, young Whitt sent the money due on the note. This is not denied or disputed; but counsel for plaintiff in error insist that because young Whitt signed his dead father's name to the letter, it was a payment after Whitt's death. What difference could it make to the union? The payment of the money was all it had a right to demand. It was paid before due. Can it complain because the boy thought he had to send the money in the name of his dead father? And if it did not consider this a payment, why did it retain the money? After receiving and keeping the money, it cannot be heard to say that it was no payment on the note because of Whitt's death.

III. The court committed no error in refusing to let the secretary testify as to whether Doyle was the general agent of the union. The plaintiff's petition alleged such agency, and the allegation was not denied under oath by the defendant's answer, and it was therefore admitted. Even the copy of the certificate attached to the petition and made a part thereof bore the indorsement, "A. P. H. Doyle, General Agent;" and if the evidence had been competent, the error in excluding it was immaterial, for what was done by Doyle would have been just as binding upon the union if performed by a stranger; what he did was done at the request of the Whitts, as their agent, and not as the agent of the union.

IV. Plaintiff also insists that there was a failure of proof to show that the assessments had been made or collected, and the amount, if collected. There was no necessity, we think, for such proof. The undertaking on the part of the union was to pay the beneficiary of Whitt, after his death, $2,000, but not to exceed 75 per cent. of the amount of the assessments if the amount exceeded $2,000. The plaintiff in error had charge of these assessments, and it knew whether such sum would be realized from the assessments. The burden of proof was upon the company to show the amount realized or collected, and not upon the plaintiff. It made no complaint to

the beneficiary about the amount due; it did not intend to pay anything, and denied all liability, not because the assessments had not been made or paid, but because it claimed that Whitt's certificate had been canceled by non-payment. Fair dealing on the part of the company would require it to make a statement to the beneficiaries of its reasons for non-payment. It had no right to pretend and give as an excuse for non-payment one reason before the suit, and now another.

V. The plaintiff in error insists that if it is liable under this certificate, the judgment rendered was for twenty dollars too much. It seems from the record that this objection was made for the first time in this court. The certificate itself shows that the company had a right to retain or deduct ten dollars from each one thousand dollars; but it is nowhere shown that it made claim to this right. The union reserved the right to make this deduction, but like any other right, it might waive it. Had it suggested this right and made its claim to the court, that amount would have been deducted from the judgment; but it made no such request or claim, and is estopped from claiming it here.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.