THE STATE TO USE OF W. HAGAN, ADMINISTRATOR, Plaintiff in Error, v. THOMAS J. JONES ET AL., Defendants in Error.

**St. Louis Court of Appeals, May 17, 1887.**

1. OFFICERS—PARTITION—CONVERSION BY SHERIFF—BONDSMEN.—An order of sale in partition, which directs the sheriff to make distribution of the funds, without previous report to the court, though irregular, will not relieve the sheriff and his bondsmen from liability for the sheriff's conversion of the funds, although no final order of distribution be made, as required by statute.

2. PRACTICE—RESPONDENT'S OBJECTIONS.—Objections to the court's rulings, made by the successful party, can not be reviewed on the appeal of his adversary.

ERROR to the Jefferson County Circuit Court, JAMES D. Fox, Judge.

*Reversed and remanded.*

W. H. H. THOMAS and WISLIZENUS & KLEINSCHMIDT, for the plaintiff in error : The plaintiff made a case. *The State to use v. Scharr*, 50 Mo. 393 ; *Kelly v. Cobb*, 64 Mo. 586 ; *The State ex rel. v. Frazier*, 89 Mo. 592. Objections made by one person can not be reviewed on the other person's appeal. *Amonett v. Montague*, 63 Mo. 204.

DINNING & BYRNES, for the defendants in error: There is no final judgment until an order approving the sale made by the sheriff, and an order of distribution of the proceeds. *Turpin v. Turpin*, 88 Mo. 337; *Murray v. Yeates*, 73 Mo. 14; Rev. Stat., sects. 3376, 3380; *Hines v. Stephens*, 45 Mo. 209; *Parkinson v. Caplinger*, 65 Mo. 209.

ROMBAUER, J., delivered the opinion of the court.

This is a suit upon the official bond of the sheriff of Jefferson county. The statement, presented here by the plaintiff in error, is admitted, by the defendants in error, to be correct, and as it is clear and succinct, we adopt it:

"James Hagan brought suit, for the partition of certain real estate, against Louis E. Richter, to the January term, 1880, of the circuit court of Jefferson county, Missouri. The property, being incapable of division, was sold by the sheriff of Jefferson county, on September 16, 1880, for thirteen hundred dollars, three hundred and twenty-five dollars in cash, and nine hundred and seventy-five dollars in notes of the purchaser, payable one year after date. The sheriff made his report to the September term, 1880, of the Jefferson county circuit court, which court approved and affirmed the report; but, though the interests of the parties to the suit were found by the court, in the order, culminating in a direction to the sheriff to sell, there was no final order of distribution in the case. The order of sale commanded the sheriff to sell the land, and to pay out of the proceeds of the sale, first, the costs and expenses of the suit, and, second, to divide the remainder among the parties according to their respective interests, as set out in said order of sale. Hagan, it was found, owned an undivided half of the property. At the fall elections of 1880, the sheriff, who had made this sale, was elected his own successor, and qualified for his new term November 10, 1880, giving the bond sued on in this case.

"During his first term, the sheriff collected the cash on that partition sale, and accounted to Richter (the defendant in the partition case), for his share, but not to Hagan.

"During his second term, the sheriff collected the notes executed by the purchaser, and paid Richter in full, but, again, Hagan received nothing.

"Hagan brought suit upon the bond given by the sheriff for his first term, for his portion of the cash proceeds of said partition, and recovered judgment, which has been affirmed by the supreme court.

"This suit was brought after Hagan's death, by his administrator, on the bond given by the sheriff for his second term, on account of Hagan's interest in the notes collected by the sheriff. Said Hagan had brought a suit on the bond given by the sheriff during his second term, but died during the pendency of said suit, which was revived in favor of his administrator; but, before the case was submitted to the jury, the plaintiff took a non-suit, and, within a year thereafter, brought this suit.

"The foregoing facts, so far as they affected the liability on the second bond, were shown by the plaintiff upon trial; but, at the conclusion of the plaintiff's case, the court gave an instruction to the effect that the plaintiff could not recover, under the testimony, which instruction was based solely on the theory that no cause of action accrued before an order of distribution was made in the partition case. The plaintiff, thereupon, took a voluntary non-suit, with leave to move to set the same aside, and, his motion in that behalf having been overruled, brings the case here by writ of error."

The supreme court, in its opinion affirming the judgment recovered by Hagan for his portion of the cash proceeds of the partition sale, in the suit brought upon the sheriff's official bond, for the first term, disposes of the only point which arises upon the present writ, in the following language:

"The claim made here, by the defendants, that

there was no order of distribution, can not be sustained. It is to be observed that the court, by the judgment that partition be made, and to that end the property be sold, also, directed a distribution of the proceeds, according to the interests of the parties as found. On the approval of the sheriff's report, no further order of distribution was necessary, and it became his duty, at once, to pay the proceeds, first deducting costs, to the parties entitled thereto." *The State ex rel. v. Frazier*, 89 Mo. 592.

This language is equally applicable to the facts of the case before us, and is, under the provisions of the constitution, the law of the case. We can not see how the mere fact that one was an action for the conversion of the money, and that this is an action for the conversion of the notes, can make any difference, whatever.

It is just to the trial court to add that the present action was tried before the decision of the supreme court on the other branch of the case was rendered.

The defendants suggest that the court committed error in permitting a certified copy of the bond sued on to be read in evidence. This point is not before us for review, as this is the plaintiff's appeal (*Amonett v. Montague*, 63 Mo. 204), and we do not feel called upon to express any opinion about its merits.

In conformity with the ruling of the supreme court in *The State ex rel. v. Frazier* (89 Mo. 592), the judgment is reversed and the cause remanded. Thompson, J., concurs; Lewis, P. J., is absent.