THE KANSAS PROTECTIVE UNION V. ISAAC A. GARDNER.

1. CASES, *Followed*.  *Protective Union v. Whitt*, 36 Kas. 760, and *City of Emporia v. Volmer*, 12 id. 622; followed.

2. INSURANCE—*Agency—Contract—Valid Application*.  Where the agent of an insurance company, acting within the general scope of the business intrusted to him, has examined an applicant for insurance upon questions contained in a blank application and undertakes to fill in the applicant's answers, if the applicant has answered all the questions truly, and signs the application under the impression that the answers have been correctly reduced to writing, or if, upon the special advice of the agent, there are omitted from the questions contained in the application certain answers which the agent alleges to be immaterial, and subsequently the application is signed, under the direction of the agent that the answers have been correctly and sufficiently reduced to writing, the policy or certificate of membership issued thereon will not be null and void, notwithstanding it contains the following provisions: "That the application for this certificate shall be considered a part of the contract, and a warranty of the member; and any false representations by him or her, or any omissions to make known every fact relative to his or her health, or circumstances affecting the interests of said union, shall then, and in every such case, render the certificate null and void."

*Error from Rice District Court.*

ACTION to recover upon a life insurance policy.  Trial at the September term, 1885, and judgment for plaintiff *Gardner* for $2,000.  The defendant *Union* brings the case here.  The opinion states the material facts.

*Vandeveer & Martin,* and *Jetmore & Son,* for plaintiff in error.

*Brinckerhoff, White & Brinckerhoff,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was brought by Isaac A. Gardner against the Kansas Protective Union on a policy of insurance, issued in the form of a certificate of membership, on the life of Elizabeth A. Gardner, and payable to her husband, Isaac A. Gardner.  The application for insurance, or

membership, was made on the 23d day of June, 1884; on that day the applicant paid E. H. Baird, the agent of the Protective Union, eight dollars; the policy or certificate of membership was issued on the 16th day of July, but was not delivered until July 18th or 20th; Mrs. Elizabeth A. Gardner died on the 25th day of July, 1884; and on the 21st day of August, 1884, proofs of her death were made out and presented to the Protective Union. This action was commenced on the 24th day of June, 1885—about eleven months after the death of the assured; and the petition declared the policy or certificate as a simple contract of insurance, and asked judgment upon the policy or certificate for the amount named therein. The answer contained a general denial, and also set up a provision of the policy or certificate, by which it was provided that if there should be any concealment, misrepresentations or false statements made in the application on which the policy or certificate issued, the policy or certificate should be null and void. The answer further alleged that at the time of her application Mrs. Gardner had a violent cough, defective lungs, and was afflicted with the disease of consumption, and that she concealed all of this from the insurance company and its agents.

The plaintiff in reply denied the allegations of the answer, and alleged that his wife at the time of her application had concealed nothing, and made no false representations; but that a short time prior to her application she had given birth to a child; that she had not fully recovered her general strength; that her confinement and sickness were mentioned and talked about to E. H. Baird, the agent; that he informed her that a confinement, or giving birth to a child was not considered a sickness or disease which could in any manner affect her application or insurance; and therefore, on account of the advice and statements of the agent, her answers contained in the application did not refer to her confinement or sickness in giving birth to her child. The application upon which the policy or certificate was issued, contained, among other things, the following questions and answers:

"Q. Are you now in sound health? A. Yes.

"Q. Are you subject to cough, difficulty in breathing or palpitation? A. No.

"Q. Have you ever had hemorrhage of the lungs or spitting of blood? A. No.

"Q. Have you ever had, or have you now, consumption? A. No.

"Q. Are you now subject to or affected by any other infirmity? A. No.

"Q. Have you been attended by a physician during the last five years? A. No."

The case was tried by the court with a jury; a general verdict was rendered in favor of the plaintiff for $2,000; the jury also found and returned special findings of fact. Subsequently, the trial court rendered judgment upon the verdict and findings. The Protective Union, defendant below, excepted, and brings the case here.

I. The policy or certificate contains the following provisions:

"The said Union does hereby promise and agree to pay, at its office, in the city of Topeka, in lawful money of the United States, the sum of two thousand dollars, to Isaac A. Gardner or his executors, administrators, or assigns, within sixty days from the close of the quarter in which satisfactory proofs of the death, during the continuance of this certificate, of the above-named member, are received. It is provided, however, that the sum to be thus paid is conditioned upon the assessment made therefor, and shall in no case exceed seventy-five per centum of the amount received thereon."

Under these provisions it is contended that the policy or certificate sued on does not permit recovery of any sum when loss occurs except by assessments to be made upon the members, and the sum to be recovered in no case to exceed seventy-five per cent. of the amount received on the assessments. It is therefore urged that the plaintiff must aver and prove the number of members belonging to the Protective Union at the death of the assured, the amount of the assessments made on the members therefor, and also what seventy-five per cent. of the assessments received would amount to. This objection to any recovery was presented, and decided adversely in *Protect-*

*ive Union v. Whitt*, 36 Kas. 760.   The policy or certificate required the Union to pay the amount due thereon within sixty days from the close of the quarter in which proofs of the death of the assured were received.   The close of the quarter after the reception of proofs of the death was September 1, 1884, and by the terms of the policy the amount thereon became due within sixty days after September 1, 1884.   This action was not brought until on the 24th of June, 1885.   The answer contained no allegations as to want of funds, or as to what the assessments if made would have realized.   It is not contended that any assessment has ever been made.   On the other hand, the Union alleges that the claim is not a valid one, and for that reason refuses to pay.   No attempt was made upon the trial by the Union to show that any assessment had been made, or that if an assessment had been made it would not have realized $2,000.   (See *Protective Union v. Whitt*, 36 Kas. 760; *Life Ass'n v. Lemke*, 40 Kas. 142; 19 Pac. Rep. 337; *Lueder's Ex'rs v. Insurance Co.*, 4 McCr. 149.)

II.   It is claimed as the jury found in their special findings that the assured at the time of her application had a cough and had been recently attended by a physician, that therefore the Union was entitled to judgment, notwithstanding the general verdict.   All the findings of the jury must be construed together and harmonized, if possible; in this view, they fully sustain the verdict.   Among the findings of the jury are the following:

"Q. Did the assured have a cough during the months of January, February, March, April, or May, prior to making her application?   A. Yes, slight, but not serious.

"Q. Did she have a cough at the time of making her application?   A. Yes, slight, but not serious.

"Q. Had she been attended by a physician at any time during the five years prior to the time of making her application?   A. No, only at confinement.

"Q. If so, about when?   A. The 24th of May, 1884.

"Q. By what physician?   A. Dr. Truhart.

"Q. Was she in sound health at the time she made her application?   A. Yes.

"Q. Of what disease did she die?   A. Congestive chills."

If the evidence of the plaintiff below is to be credited, the assured made no false statement in regard to any matter which was material to the risk, nor did she omit to make known any fact relative to her health, or circumstances affecting the interest of the Union. She informed the agent who accepted her application and wrote down her answers to the questions therein, or his conclusions from her answers, that she had just given birth to a child; that she was weak from confinement, and that she had some cough. Clearly, the assured can only be bound by the answers she made; she is not responsible for the conclusions or omissions of the agent. He informed her that her confinement was not considered a sickness or disease, and that women who were pregnant were subject, more or less, to a cough; therefore the failure of the application to show that the assured had a cough, that she had been sick in giving birth to a child, and had been attended by a physician during her confinement, was wholly the fault or neglect of the agent. If all the answers of the assured were not written down as she gave them, she is not responsible. (*Sullivan v. Insurance Co.*, 34 Kas. 170; *Lueder's Ex'rs v. Insurance Co.*, 4 McCr. 149.)

III. The instructions of the court on the answers of Mrs. Gardner in her application, concerning her cough, and the non-attendance of a physician, may be properly criticised, but the findings of the jury rendered these instructions harmless error, if any was committed.

IV. There was no error in the action of the trial court in overruling the application for a change of venue. The affidavits presented in support of the application alleged "That the defendant could not have a fair and impartial trial in the district court, on account of the bias and prejudice of the judge thereof against the defendant." There were no facts or circumstances proved by affidavits or other extrinsic testimony showing that there existed any prejudice whatever on the part of the judge against the defendant. Unless prejudice clearly appears, a reviewing court will sustain an overruling of the

26 — 41 KAS.

application, on the ground that the judge must have been personally conscious of the falsity or non-existence of the grounds alleged. (*City of Emporia v. Volmer*, 12 Kas. 622; *The State v. Knadler*, 40 id. 359; same case, 19 Pac. Rep. 923.)

V. The other alleged errors have been examined and considered, but nothing appears therein prejudicial to the rights of the unsuccessful party.

VI. The plaintiff below consents, on account of the provision in the policy or certificate that no recovery "can exceed seventy-five per centum of the amount received upon an assessment," that $500 of the judgment may be remitted.

Therefore the judgment of the district court, with this remitment, will be affirmed.

All the Justices concurring.