GEORGE SANDS, Appellant, v. NANCY BERKLEY et
    al., Defendants; THOMAS G. SYDNOR, Garnishee,
    Respondent.

**St. Louis Court of Appeals, March 4, 1901.**

Garnishee, Answer of: TRUSTEE IN DEED OF TRUST: BURDEN
    OF PROOF: PRIMA FACIE CASE. Where the proof affirmatively
    showed that the garnishee had a large overplus arising from the
    sale of land under a deed of trust, after payment of the debt and
    interest and cost of executing the trust, and the attorney's fee as
    provided in the deed of trust, this made a prima facie case against
    the garnishee, and if payment were made by him on any of the
    contingencies provided for in the deed of trust, these payments were
    peculiarly in the knowledge of the garnishee, and the burden of the
    evidence was shifted on him to prove such payments, to overthrow
    the prima facie case made by the appellant's evidence against gar-
    nishee.

Appeal from Lincoln Circuit Court.—*Hon. Elliott M. Hughes,*
                    Judge.

REVERSED AND REMANDED.

*Martin & Woolfolk* and *W. A. Dudley* for appellant.

(1)    It being shown by the deed of trust and the defend-
ant's deed to Charles Berkley that he received $6,337.57 more
than was due on the secured debt, and that he had not paid this
to defendants in the execution before the garnishment, and the
amount of that difference being so much in excess of reasonable
and ordinary costs in such sales, the burden of proof was thrown
upon defendant.    Young v. Powell, 87 Mo. 128; Read v. Rail-

Sands v. Sydnor.

road, 60 Mo. 206; Waples on Attach. and Gar. 377; Moore v. Ryan, 31 Mo. App. 481; Hoffman v. Hoffman, 126 Mo. 495. (2) Had the Berkleys sued defendant for the difference between the amount of sale and amount due on the debt and had shown the same facts, there would be no question but they would have been entitled to judgment. The plaintiff in this case acquired the same rights by his garnishment as the Berkleys had. Karnes v. Pritchard, 36 Mo. 135; Johnson v. Geneva Pub. Co., 122 Mo. 102; Fenton v. Block, 10 Mo. App. 539. (3) There is no question about defendant's liability to plaintiff for the difference between the debt and amount of the sale. Price v. Blankenship, 144 Mo. 203.

*Norton, Avery & Young* for respondent.

(1) The answer of garnishee must stand until evidence is produced to overthrow it. Holton v. Railroad, 50 Mo. 151. (2) It is the well-settled law of this State that a garnishee's answer is prima facie evidence of the facts therein stated, whether it contains a simple denial or affirmative matter, and must be taken as true until disproved. Hopkins v. Huff, 67 Mo. App. 394-397; Bunker v. Hibler, 49 Mo. App. 536. (3) After garnishee in his answer under oath denies any liability whatever, and plaintiff alleges a liability on part of garnishee, the burden of proving the latter allegation is upon the plaintiff, even though it appear in evidence that garnishee had, prior to garnishment, received money or property of execution defendants. Bunker v. Hibler, 49 Mo. App. 536.

BLAND, P. J.—In August, 1897, appellant recovered a judgment for $227.58 against William and Nancy Berkley, before a justice of the peace in Lincoln county. An execution was issued on the judgment by the justice and delivered to the

constable who served it by summoning respondent Sydnor as garnishee. The appellant filed the statutory interrogatories before the justice, to which the garnishee made answer, alleging; first, that at the time of the service of the garnishment he did not have in his possession or under his control any money, property or effects belonging to plaintiffs or either of them, and; second, that he did not, nor does he now owe the defendants any money. The answer of the garnishee was put at issue by the following denial:

"Now comes the plaintiff in the above entitled cause and for denial says it is not true, as stated in garnishee's answer to interrogatory No. 1, that, at the time of the service of garnishment upon him, he did not have in his possession or under his control any property, money or effects of defendants, or either of them. And says further, that it is not true, as stated in answer to second interrogatory, that at the time of service of garnishment upon him, he did not owe the defendants any money or does not owe them any now. And for further denial to said answers, the plaintiff says that, at the time of service of garnishment upon said garnishee, he had just sold as trustee, under a certain deed of trust made by said defendants, William and N. J. Berkley, certain real estate belonging to them, for the price and sum of $16,100 for the payment of a certain note and cost of such sale, aggregating $8,500, and that after paying and satisfying the debt for which said property was sold there remained a surplus of $6,600 belonging to defendants on said execution, subject to the payment of plaintiff's judgment and which said surplus of $6,600 came into the hands and possession of said defendant garnishee, or should have done so, under the terms and conditions of the deed of trust under which said sale was made, and that said defendant garnishee has the same now, or should have the same, in his possession and control, and that said garnishee has not paid said sum or any part thereof to de-

fendants in said execution. And further denying, plaintiff says that, upon the sale of said real estate by said defendant garnishee as trustee, it became the duty of said garnishee to collect the proceeds of said sale, and that if he did not do so it was by reason of his own neglect or fraud entered into with said defendants for the purpose of hindering, delaying and defrauding the creditors of said defendants in said execution, and that by reason thereof he is liable to this plaintiff for the amount of plaintiff's debt and judgment."

The cause was taken to the circuit court by appeal from a judgment by the justice against the garnishee. In the circuit court, on a trial de novo, the issues were submitted to the court, without the intervention of a jury. The issues were found for the garnishee. No instructions or declarations of law were asked or given, nor did the court make a finding of the facts.

The sole question presented by the record is, whether or not the appellant's evidence shows prima facie that he had a right to recover. State ex rel. v. Goetz, 131 Mo. 675; Finch v. Ulman, 103 Mo. 255. The evidence adduced by appellant was that William and Nancy Berkley owned 681 acres of land in Lincoln county, Missouri, on which they had, prior to the rendition of the justice's judgment, executed a deed of trust to secure their promissory note for $7,500, which they failed to pay at maturity. That Hall (the trustee in the deed of trust) refused to act and that Sydnor, as sheriff of Lincoln county, at the request of the beneficiary, sold the land under the deed of trust according to the provisions thereof. That at the sale (made on September 4, 1897), Charles Berkley bought the land for $16,000 and received the trustee's deed. That the constable was present at the sale with the execution issued by the justice and that within two minutes after the land was sold to Charles Berkley, he garnished Sydnor. The deed of trust pro-

vided for the following payments in case of sale: First. Expense of executing the trust. Second. All sums paid by the beneficiary or his assignees to insure the property, to redeem premises from any sale or sales for taxes or assessments, or to save the premises from such sale, or to protect the title or possession of the premises or any part thereof, with eight per cent on all moneys so expended and for an attorney's fee of $375. Third. The principal and interest of the loan. Fourth. The balance, if any, to the makers of the deed of trust. The note and deed of trust were dated April 1, 1893; the note bore six per cent interest per annum from date. If no payments had been made, the principal and interest on the note at the date of sale would amount to $9,762.43. The expenses of executing the trust would be the advertisement of the sale in a weekly newspaper, the trustee's commission, and the attorney's fee of $375. The commission allowed by statute (section 4369, Revised Statutes 1899) would not exceed $125. The advertisement of sale should not have exceeded, according to legal rates $40 to $50. After subtracting the expenses of the sale, the attorney's fee of $375 and the debt and interest from the amount bid ($16,100) there would remain in the hands of the garnishee a sum largely in excess of a sum sufficient to satisfy appellant's judgment with costs.

For the reason that appellant did not adduce evidence that the surplus had not been paid out for insurance, taxes or redemption from tax sale or to protect the title or possession of the premises, the learned trial judge sustained a demurrer to his evidence. No presumption arises that payments for any of those purposes were made or necessary to be made, from the mere fact that the deed of trust provided that they might be made, if the beneficiary, to protect his interest should at any time before foreclosure, make such payments. The appellant's proof affirmatively showed that the garnishee had a large over-

plus arising from the sale, after payment of the debt and interest and costs of executing the trust and the attorney's fee. These included all the fixed or certain charges provided for by the trust deed. If payments were made on any of the contingencies provided for in the deed of trust, these payments were peculiarly in the knowledge of the respondents, and the burden of the evidence was shifted on them to prove such payments, to overthrow the prima facie case made by the appellant's evidence. State v. Schar, 50 Mo. 393; State v. Lipscomb, 52 Mo. 32; First National Bank v. Wood, 124 Mo. 72; Speer v. Burlington, 61 Mo. App. 402; Armstrong v. School District, 28 Mo. App. 169.

Our conclusion is that the learned circuit judge committed error in the giving of an instruction in the nature of a demurrer to appellant's evidence, for which error the judgment is reversed and the cause remanded. All concur.