MODERN BROTHERHOOD OF AMERICA v. JOHN P. CUMMINGS.

FILED MARCH 18, 1903.   No. 12,545.

1. **Insurance Company:** POLICY: LIABILITY: ACTION.   Where an in-
surance company denies all liability on a policy, basing its refusal
on the ground that the loss or injury insured against has not
occurred, the insured may bring an action thereon without waiting

for the expiration of the period limiting the time within which an action may be brought.

2. **Accident Policy: ACTION: DEFENSE: EVIDENCE.** In an action on an accident insurance policy, plaintiff alleged the accidental breaking of his arm. The theory of the defense was that the arm had not been broken, and resistance of the claim was based upon this ground. *Held*, That it was not error to exclude evidence that the action was prematurely brought, under the terms of the policy.

3. **Proof of Loss: INSTRUCTION.** The evidence that proofs of loss or injury under an insurance policy were duly furnished being undisputed—the defendant at no time urging the failure to furnish such proofs, litigating its case upon the merits—an instruction purporting to state the essential elements of plaintiff's proof will not be held erroneous for omitting to mention the necessity of filing proofs of loss.

4. **Affidavits: REPORTER'S NOTES: AMENDMENT.** Affidavits addressed to the trial court after judgment on a motion to amend the reporter's notes of the evidence can not be considered by the appellate court, in the absence of a ruling by the trial court on such motion.

5. **Instruction: AMOUNT OF RECOVERY.** An accident insurance policy provided that in case of death resulting from an accident, the beneficiary would be entitled to the full sum of one regular assessment upon all members of the association in good standing, not to exceed $3,000, and in case of the accidental breaking of an arm or leg, the insured would be entitled to one-tenth of the sum which the beneficiary would have received in case of the death of the insured. In an action on the policy, alleging the accidental breaking of an arm, the plaintiff asked a witness if he knew how many members the defendant order had. Objection that the testimony was "immaterial and irrelevant" was sustained. The defense was based solely upon the ground that the accident as alleged had never occurred. An instruction authorized the jury, if they found for plaintiff, to assess his recovery at the full sum of $300. *Held*, That the absence of proof as to the membership of defendant would not warrant the setting aside of a verdict in that sum.

6. **Affirmative and Prejudicial Error Necessary for Reversal.** A judgment will not be reversed except for error, prejudicial to the party complaining, affirmatively appearing in the record.

7. **Instruction: EXPERT TESTIMONY.** Instruction examined, and *held* not erroneous.

ERROR to the district court for Buffalo county: HOMER M. SULLIVAN, DISTRICT JUDGE. *Affirmed.*

21

*Ira D. Marston* and *E. S. James,* for plaintiff in error.

*Norris Brown* and *E. Frank Brown, contra.*

KIRKPATRICK, C.

On November 20, 1900, John P. Cummings filed in the county court of Buffalo county his petition against the Modern Brotherhood of America, alleging, in substance, that the defendant was a corporation organized in the state of Iowa, with authority to issue life and accident insurance policies; that on September 4, 1899, it issued to him a policy. From a copy of the policy which is set out in the petition, it appears that the defendant association, "in case of the death of said member while in good standing permits his beneficiary to participate in the mortuary fund to the amount of one full assessment on all members in good standing in the fraternity, not to exceed $3,000, which shall be paid to Martha J. Cummings * * *. Should said member while in good standing, accidentally break his leg or arm, he shall receive one-tenth the amount his beneficiary would have been entitled to receive in case of the death of said member." It was further alleged that on or about the 26th day of September, 1900, while said policy was in full force and effect, plaintiff received a personal injury by reason of accidentally falling from a flight of stairs, thereby breaking his arm between the elbow and shoulder, being an injury insured against by defendant; that all premiums and charges due by plaintiff to defendant had been fully paid up at the date of the accident; that he had performed all the conditions in the policy on his part to be complied with, and that he was a member in good standing; that he had given notice of the accident on October 18, 1900, to defendant, and had made a claim of damages in the sum of $300; that he was injured through no fault of his own; that at the time of the injury and the furnishing of due proofs of injury, there was a sufficient

number of members belonging to defendant fraternity to raise by one regular assessment more than enough to pay plaintiff's demand.

There was judgment in the county court in favor of plaintiff, and the cause was removed to the district court by defendant, where, by leave, the plaintiff filed the same petition filed in the lower court, to which defendant answered, admitting its corporate character, the issuance of the policy, and denying generally all other allegations: Trial to a jury resulted in a verdict and judgment thereon in favor of plaintiff, and the cause is presented to this court by the Modern Brotherhood of America by petition in error. The errors assigned relate to the exclusion of evidence, and in the giving of certain instructions by the trial court.

Plaintiff in error on the trial offered section "e," division 13, of its fundamental laws, which reads as follows: "It will pay within ninety days from the receipt of satisfactory proofs of the accidental breaking of an arm or leg, one-tenth of the amount the beneficiary would have been entitled to in case of the death of the member, provided that complete and satisfactory proofs of such accidental injury have been filed with the supreme secretary within thirty days of such accident." This testimony was excluded, and its exclusion is the first error assigned. It was offered for the purpose of showing that the action was brought prior to the time that the alleged claim became due under the terms of the section, as the record shows that the accident occurred on September 26, 1900, and that the action was first tried in the county court on December 11, 1900. The theory of the trial court in excluding this evidence was that it was inadmissible under a general denial.

The contention of plaintiff in error is that under a general denial all evidence tending to show nonliability would be admissible, and that if the action were brought sooner than the time limited in the section of the fundamental laws of the association, which are a part of the policy, defendant in error could not recover.

It appears from the record in this case that in the trial had in the county court, after the filing of defendant in error's petition, plaintiff in error filed a motion to require defendant in error to submit to a physical examination by a board of physicians for the purpose of ascertaining whether, in fact, the injury alleged had occurred, and, if so, the extent thereof. This motion was allowed, and the testimony of the examining board of physicians was taken in the county court, whereupon judgment was rendered for defendant in error in the full sum of $300. It was from this judgment that the appeal was prosecuted to the district court. It appears from the record of the trial had in the district court that the theory of plaintiff in error throughout was that the injury had never occurred; that the action was an attempted fraud upon the company. Plaintiff in error's theory was that the arm had not been broken, and it consistently maintained this theory, and litigated its case vigorously upon the merits. It is true that plaintiff in error, in its answer, pleaded specially that the action was prematurely brought; but the court, instructing the jury, stated the substance of this answer and omitted any reference to the defense that the action was prematurely commenced. To this instruction no exception was taken, and in brief of counsel for plaintiff in error in this court an identical statement is made of the substance of the answer. It would seem, therefore, that the trial court did not regard the plea of premature commencement of the action as an issue in the case.

The rule applicable to this state of facts would seem to be that announced in *Northern Assurance Co. v. Hanna,* 60 Neb. 29, that where liability is denied, the company refusing to pay at any time, an action may be commenced on the policy without waiting for the expiration of the period of limitation. The object of the provision is apparently to give a company an opportunity to investigate the circumstances of the alleged injury or loss, and satisfy itself whether it is liable or not, and if liable to make provision for payment. The attitude assumed by plaintiff in error

very clearly indicates that it had decided not to pay the claim in any event or at any time. Under such circumstances it is difficult to see how it was prejudiced by the commencement of the action before the expiration of the limitation. That this defense has been waived is clearly decided in *Northern Assurance Co. v. Hanna, supra,* and the cases there cited. *Phenix Ins. Co. v. Rad Bila Hora Lodge,* 41 Neb. 21.

It is contended that instruction 3 given by the court is erroneous, in wrongfully limiting the scope of the issues. Therein the jury were told that plaintiff had the burden of proving, first, that his arm was broken as alleged in the petition; and, second, that at the time of the injury he was in good standing. This instruction is assailed because it says nothing about the necessity of filing proofs of injury within the time required. There is no contention anywhere that such proofs were not duly filed. The evidence that proofs were furnished is undisputed. Plaintiff in error made no request to have this issue submitted. But assuming that proofs of injury were not formally furnished in the manner prescribed in the policy, the company denied liability and placed its denial upon other grounds, and it therefore waived its right thereto. *Omaha Fire Ins. Co. v. Dierks,* 43 Neb. 473, 475. We can not see that plaintiff in error was prejudiced by the giving of instruction No. 3.

The court instructed the jury that if plaintiff was entitled to recover at all, he is entitled to recover the full amount claimed, namely, $300. The policy provided that in case of death the beneficiary would be entitled to the full amount of one regular assessment on all members in regular standing, not to exceed $3,000, and in the event of injury the member would be entitled to one-tenth of what the beneficiary would have been entitled to in case of the member's death. There is no proof of the number of members of the association. The instruction is accordingly assigned by plaintiff in error as a reason why the judgment must be reversed. It is clear that the basis

of the recovery must be upon the number of members in good standing. Defendant in error alleged that the membership was sufficient to raise more than enough to pay his claim. This must be understood as meaning that one regular assessment would realize more than $3,000. The record sheds no light on this question.

The absence of all proof on this question was called to the attention of the trial court in the argument of a motion for a new trial. Thereupon it seems that counsel for defendant in error filed a motion for leave to supply and correct the record and the reporter's notes of the trial. This motion was supported by several affidavits, stating that an admission was made by counsel for plaintiff in error at the trial in the presence of the court, jury and opposing counsel, that the membership was sufficient to authorize a judgment for the full sum prayed for. A counter affidavit was filed by the attorney, stating that he had made no such admission. There is no record of any ruling by the court upon this motion and it does not appear that the record was supplied as asked for. We are now asked to consider these affidavits and decide the question presented—whether such admission was in fact made. We are quite clearly of opinion that we can not do so. The jurisdiction of this court is appellate only. In the absence of any ruling by the trial court allowing the amendment, it would seem that the record stands in this court as if the motion had never been made. The judgment sought to be reviewed in this proceeding must be tested by the evidence submitted to the jury, as that evidence appears in the certified bill of exceptions. Clearly, this court can not go beyond the bill of exceptions, which is duly certified as containing all the evidence adduced, and look for light in certain affidavits and counter affidavits addressed to the trial court after judgment, raising the question as to the correctness of the bill of exceptions, which question was not decided by the court. The trial court was peculiarly in a position to decide this question, and for this court to attempt to do so, after the lower court's omis-

sion to act, would be to grope in the dark, and there would be no assurance that justice was being done. We must therefore decide the question without reference to the contents of these affidavits although they appear in the record as a part of the bill of exceptions.

It is, of course, elementary that the burden was on defendant in error to prove the essential and material allegations of his petition. He alleged sufficiency of membership to authorize a recovery in the full sum prayed for. This, under the general issue, must be taken as denied. While the question is not discussed in briefs, we have regarded it proper to consider whether the instruction under consideration can not be sustained upon the theory that the evidence of membership, being matter peculiarly within the knowledge of plaintiff in error, should have been offered by it, and, having failed to show that the membership was less than that alleged, a presumption would arise that it was sufficient. It is a well-settled rule that where the plaintiff's right depends upon the truth of a negative averment, as where the defendant is charged with selling liquor without a license (*State v. Shaw,* 35 N. H. 217; *State v. Schar,* 50 Mo. 393, 394), or it is charged that a transfer was made by defendant without consideration (*Lovell v. Payne,* 30 La. Ann. 511), the other party having it peculiarly within his power to show the facts favorable to him, if they do exist, the averment will be taken as true, unless disproved. *Smith v. New York C. R. Co.,* 43 Barb. (N. Y.) 225, 229. This is upon the theory that a negative does not admit of easy proof, and, all of the proof upon the subject being in the control of defendant, he can disprove it at once. *Great Western R. Co. v. Bacon,* 30 Ill. 347, 83 Am. Dec. 199. There are some cases, however, to the effect that the party making the averment must offer some evidence, although slight and vague, as will render the existence of the negative probable, before the burden will fall on the opposite party. *City of Beardstown v. City of Virginia,* 76 Ill. 34. This would not be a shifting of the burden of proof, or of producing a preponderance

of the evidence, which remains upon him who has the affirmative of the issue throughout the trial, but the burden of meeting a *prima-facie* case, "which latter burden may shift back and forth in the course of the trial." *Scott v. Wood,* 81 Cal. 398.

The issue as joined in this case, we think, is an affirmative allegation by defendant in error that the membership was sufficient, and a denial by plaintiff in error of this averment. There can be no question as to the meaning of the contract, namely, to pay to the member in case of the accidental breaking of his arm, one-tenth of what his beneficiary would have received in case of the member's death; and this latter sum was the full sum of one regular assessment, not exceeding $3,000. It is clear that the provision in the contract is consistent with a membership of any conceivable number. It, therefore, furnishes the basis for no presumption. We search the record in vain for any evidence, however, vague or slight, that would make a *prima-facie* case in favor of defendant in error. If such were the case, we would experience no difficulty in holding that the burden was on plaintiff in error to introduce evidence overcoming this *prima-facie* showing, because such evidence was doubtless in its power and possession.

It is not clear to us that some evidence of the number of the order's membership at the time of the accident was not within the possession of defendant in error. He was a member of the local lodge in good standing, and it would seem that he would have had access to some evidence upon this question. Questions similar to that here suggested have arisen before, but the decisions are not uniform.

In *St. Clair County Benevolent Society v. Fietsam,* 97 Ill. 474, the policy contained a provision that the society would pay the assured or his legal representatives $1 for every person a member of the society and of the same division or divisions "at the time of such payment." It appears that in order to arrive at the measure of damages, parol evidence was admitted to show the number of members. The admission of this evidence was in the supreme

court alleged as error by the society. The court there said (p. 481) : "That decision was clearly correct. Such evidence is admissible for that purpose, otherwise there would be no mode of ascertaining the sum recoverable under the policy."

The policy considered in *Fairchild v. Northeastern Mutual Life Ass'n,* 51 Vt. 615, provided for the payment of as many dollars, not exceeding $1,000, as there should be members at the time of payment. Various notices of assessment had been introduced in evidence by plaintiff, which contained statements of the number of members at the date of the assessment. The company contended that this evidence having reference to the number of members at dates prior to the date at which payment was demanded, had no tendency to show the number of members at the date of the death of Mrs. May. Upon this contention the court, after reviewing the evidence, said (p. 629) : "This membership being shown at a date so shortly prior to the death of Mrs. May, and the evidence showing an uninterrupted increase prior and up to that time, the presumption, in the absence of proof to that effect, certainly can not be that there was a decrease between February 18, 1875, and the date of Mrs. May's death; and we think that this evidence, taken together, did have a tendency, at least, to prove that at the last mentioned date there were as many as a thousand members, and was properly submitted to the jury for that purpose."

Another case bearing somewhat upon this question is *Neskern v. Northwestern Endowment & Legacy Ass'n,* 30 Minn. 406. The action had been tried before a referee, who found that at the time of the death "the defendant had 1,231 members in good standing, who were liable to pay assessment for death losses." The evidence to support this finding seems to have been the number of membership certificates which had been issued, and these were held to be *prima-facie* evidence of the number of members. The company seems to have contended in the appellate court that there was no inference deducible from this evi-

dence that such members were "contributing" members. The supreme court said (p. 409): "We think the court below was right in holding that if any of the persons to whom these certificates were issued had ceased to be members by forfeiture, suspension or otherwise, the burden was upon defendant to show it. The means of doing so are or ought to be peculiarly within its possession. To require the plaintiff to prove a negative in the case of each person who had been received into membership, and that such person had not been suspended, * * * would be unreasonable and impracticable."

From the three cases last above cited, it appears that the plaintiff did assume the burden of proving the membership, and in each instance technical objections to the sufficiency of such evidence was overruled, especially if to sustain them would be to require the plaintiff to prove a negative, when the facts were peculiarly within the possession of the defendant.

We do not doubt that the better practice would be in harmony with the cases cited, for the plaintiff to prove by such evidence as he may have the membership of the defendant order; slight evidence thereof being sufficient to make a *prima-facie* case, whereupon the burden would be clearly upon the defendant to show the contrary.

The facts of this case, as shown by the record, are, in our opinion, sufficient to bring it out of the rule above indicated. Defendant in error was called as a witness, and when under examination was asked by his counsel whether he knew how many members there were in defendant order. Counsel for plaintiff in error objected to this testimony on the ground that it was immaterial and irrelevant. The objection was sustained. Whether the defendant in error was competent to answer this question, and knew the fact called for, is a question which can not be decided. As already stated, the company denied liability on the ground that the accident had in fact not occurred. Inasmuch as this was the theory by it maintained at the trial, it is conceivable that the trial court, in sustaining

the objection to this testimony on the ground that it was immaterial and irrelevant, assumed that the insufficiency of the membership of plaintiff in error was no part of its defense, that it relied upon proving that the alleged accident had not occurred, and that if it failed in its proof as to that defense, it was willing and able to pay the full sum prayed for, as provided in the policy. Its defense in the lower court being that there was no liability, because the arm was not broken, plaintiff in error ought in fairness not to be permitted to urge in this court, as a reason why it should not pay the claim, a wholly different reason, namely, that the proof fails affirmatively to show that one regular assessment will raise a sum sufficient under the terms of the policy. It regarded evidence upon this question immaterial and irrelevant in the trial of the cause, and it can not now base a right upon its absence.

In *Kansas Protective Union v. Whitt*, 36 Kan. 760, 59 Am. Rep. 607, this question was considered under a policy substantially like that in this case, and the supreme court of that state said (p. 764) : "It (the association) made no complaint to the beneficiary about the amount due; it did not intend to pay anything, and denied all liability, not because the assessments had not been made or paid, but because it claimed that Whitt's certificate had been canceled by nonpayment. Fair dealing on the part of the company would require it to make a statement to the beneficiaries of its reasons for nonpayment. It had no right to pretend and give as an excuse for nonpayment one reason before suit, and now another."

We think it follows from what has been said that it was not error for the trial court to instruct the jury that if they found for defendant in error, they should assess his recovery at the full sum prayed for.

The last error complained of is that the court gave instruction No. 1 while the jury were deliberating on their verdict. This instruction relates to the subject of expert testimony, much of which was introduced at the trial, and, in substance, gave a definition of expert testimony, and

states that in weighing such testimony the same test is to be applied as in weighing other testimony, and continued as follows:

"In weighing expert testimony, it is important that you should consider whether the fact upon which the opinion of the witness is given has been satisfactorily proved; whether the expert is in any way biased and prejudiced as shown by the evidence. You should also consider what skill, learning and experience in his profession the expert is shown to have. In weighing expert testimony offered for the purpose of contradicting the testimony of other witnesses who have positively stated facts claimed by them to have been within their personal knowledge, you should not fail to distinguish between those inferences or conclusions of the expert which are shown to be only probable and generally true, and which have their exceptions, and those other inferences and conclusions, if any, which are necessary and invariable and which have no exceptions. You should also consider whether the opinion of the expert is speculative, theoretical and states only the belief of the witness, while yet some different opinion, conclusion or inference may be drawn from the same facts. You will further understand that the question in dispute in this case of whether the plaintiff's arm was broken or not is not for the expert to determine. That question is alone for you to determine from all the testimony in the case."

An exception to this instruction was taken, and the objections urged against it are, first, that it was given in the absence of counsel for plaintiff in error; and, second, that as an abstract proposition of law relative to expert testimony, it is erroneous and prejudicial to plaintiff in error. There is nothing in the record to show that counsel for plaintiff in error was absent at the giving of this instruction, and, conceding that his absence would be prejudicial, under the familiar rule that error must affirmatively appear, we can not say that there is any presumption under the record in this case that plaintiff in error was not represented when this instruction was given. We can not see

that the instruction incorrectly announced the law relating to the testimony of experts. It is a fair and reasonable exposition thereof, and as both parties relied to some extent upon the testimony of experts, it can not be said that the instruction was less favorable to one than the other.

We have carefully examined the record, and are brought to the conclusion that the judgment of the district court is free from error, and it is therefore recommended that the same be affirmed.

HASTINGS, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.