# Dwelling House Insurance Company v. J. C. Shaner and F. B. Shaner.

1. INSURANCE—*Sixty Days' Limitation Suits—Prematurely Brought.* —Under an insurance policy providing that the amount of loss shall be estimated according to the cash value of the property at the time of the loss, and to be paid sixty days after notice and satisfactory proofs shall have been made by the assured, and received at the company's office, a suit brought before the expiration of the sixty days is premature.

2. INSURANCE—*Conditions of Policy—Mortgaging the Property.*—A policy provided that if the property insured should be incumbered by mortgage, except as stated in writing thereon, or if the buildings are upon leased ground or land, of which the assured has not a perfect title, then the policy should be absolutely void. It was held that a violation of this provision avoided the policy.

3. PAROL EVIDENCE—*Not Admissible to Vary a Written Contract.*— Evidence of a contract can not exist partly in writing and partly in parol. Whatever may have been said in reference to it between the parties at the time of, or prior to its execution is inadmissible to enlarge, modify or contradict its terms as expressed in the written instrument.

**Memorandum.**—Suit on an insurance policy. · In the Circuit Court of Cumberland County; the Hon. SILAS Z. LANDES, Judge, presiding.

Declaration, pleas: (1) General issue. (2) It is provided in the policy that if the property, or any part thereof, shall be sold, conveyed, incumbered by mortgage, or otherwise, or any change take place in the title, use, occupation or possession thereof, whatever, or if the interest of the assured in said property, or any part thereof, become any other than a perfect legal and equitable title and ownership, free from all liens whatever, except as stated in writing upon said policy, then, and in every such case said policy shall be absolutely void. And defendant avers that subsequent to the execution and delivery of said policy, the plaintiffs did incumber the said property therein described, by mortgage, which remained unsatisfied and a subsisting lien upon said premises at the time of said loss, and which said mortgage was not stated in writing upon said policy. (3) It is provided in said policy that all persons having any claim thereunder shall forthwith give written notice of the loss or damage, and within thirty days furnish proof thereof, signed and verified by the claimants, which shall state the time, origin and circumstances of the fire, etc., etc., and until such proofs and certificates should be furnished, the claim should not be due and payable; and defendant avers that no such proof of loss as required by said policy was ever furnished the defendant.

Replication to second plea : At the time of taking the application for

Dwelling House Ins. Co. v. Shaner.

said insurance, the defendant company was informed by plaintiff that they intended to place a mortgage on the property in the sum of two hundred dollars ($200), and said policy was issued with that notice, and plaintiffs afterward placed said mortgage on said property, pursuant to such consent given by said defendant company, and plaintiffs aver that after the issuance of said policy, the defendant, by its agent and adjuster, with full knowledge of said mortgage, waived the conditions of said policy relating to the title to the lands upon which said property was situated.

Rejoinder : Defendant was not informed that the plaintiffs intended to place a mortgage upon said property, as in said replication alleged; that said policy was not issued with any such notice, nor was any consent given therefor by defendant, and the defendant did not waive the conditions of said policy relating to the title to said lands on which said insured property was situated. Demurrer to second and third pleas sustained as to the third plea. Defendant elects to stand by said plea, and demurrer overruled to second plea. Plaintiffs reply. Demurrer to replication overruled and defendant pleads. Issues joined, and verdict for the plaintiff, $432.70. Trial by jury; judgment; defendant appeals. Heard in this court at the May term, 1893. Reversed and remanded. Opinion filed October 24, 1893.

The opinion states the case.

Harbert & Daley and W. S. Everhart, attorneys for appellant.

L. N. Brewer and F. Tossey, attorneys for appellees.

Mr. Justice Wall delivered the opinion of the Court.

This judgment is upon a policy of insurance against fire.

It must be reversed, because, 1st, the suit was prematurely brought, the sixty days within which the company might make payment not having elapsed; 2d, because the property was mortgaged after the issuance of the policy, and contrary to the express provision thereof.

It is urged that when the application was written the agent of the company was informed that the mortgage would be made, and that he said this would make no difference, and that it would not affect the insurance.

Perhaps the policy should not have contained the clause in question, and for that reason it may be reformed by a bill in equity, upon which point we need express no opinion.

But the clause being there, can not be disregarded because of a verbal understanding previous to or contemporary with the making of the written instrument. It is not the case of a waiver of a condition of a contract, already made, but it is rather an effort to change the terms of a written instrument by proof of a different verbal agreement prior to the writing.

This, upon well settled principles is not admissible, upon which authority need not be cited. As an instance of the application of the rule in cases of this character, reference may be had to Phœnix Ins. Co. v. Maxon, 42 App. 164.

The judgment will be reversed and the cause remanded.