## NORTHERN ASSURANCE COMPANY V. CHARLES A. HANNA.

### FILED MARCH 21, 1900.   No. 9,204.

1. **Fire Insurance Policy:** PROOF OF LOSS: ESSENCE OF REQUIREMENT: FAILURE DOES NOT FORFEIT INSURER'S CLAIM. A fire insurance policy requiring proofs of loss to be furnished within sixty days after the fire, and providing that no action should be maintained on the contract until the expiration of sixty days from the time of furnishing such proofs, contained no provision for a forfeiture in case proofs were not furnished within the time specified. *Held,* That time was not of the essence of the requirement in regard to furnishing proofs of loss, and that a failure to furnish such proofs within the prescribed period did not work a forfeiture of the insurer's claim for indemnity.

2. *German Ins. Co. v. Davis,* 40 Nebr., 700, distinguished.

3. ———: STIPULATION IN POLICY: SIXTY-DAY LIMIT. A stipulation in a contract of insurance that no suit shall be commenced on the contract "until sixty days after full compliance by the assured with all the foregoing requirements," is intended to give the insurer time to inquire into the cause of loss and make provision for payment.

4. **Presentation of Claim:** REFUSAL: ACTION WITHIN SIXTY-DAY LIMIT. If, upon presentation to it of a claim arising under such a contract, the insurer deny all liability and refuse absolutely to pay at any time, the insured may commence an action on the policy, without waiting for the period of limitation to elapse.

ERROR to the district court for Lancaster county. Tried below before HALL, J. *Affirmed.*

*Charles Offutt* and *Greene & Breckenridge,* for plaintiff in error:

The defendant in error should have read his policy and informed himself of the obligation resting upon him. *German Ins. Co. v. Heiduk,* 30 Nebr., 288; *Hankins v. Rockford Ins. Co.,* 70 Wis., 1; *Cleaver v. Traders Ins. Co.,* 65 Mich., 527; *Wierengo v. American Fire Ins. Co.,* 98 Mich., 621.

*Lambertson & Hall, contra,* argued that the time within

which proofs of loss should be furnished by the terms of the policy sued on in this case is not made of the essence of the contract, and no forfeiture of the contract is declared because of the failure to furnish the proofs within a given time, citing *German Ins. Co. v. Davis*, 40 Nebr., 700.

SULLIVAN, J.

In the district court of Lancaster county Charles A. Hanna, the plaintiff below, recovered a judgment against the Northern Assurance Company of London, England, on a fire insurance policy covering a stock of merchandise. It is insisted that the judgment should be reversed, because (1) proofs of loss were not furnished within the time fixed by the contract of insurance; (2) that there was neither averment nor proof of a waiver of the condition with respect to furnishing proofs of loss; and (3) that if the defendant is liable, the action was prematurely brought. We will consider these propositions in regular order.

It appears that the policy provided for the furnishing of proofs of loss within sixty days after the fire, and that such proofs were not furnished until after the time so limited. Counsel for the defendant claims that the provision in question is a condition precedent to the right of recovery, and cites a large number of authorities in support of his claim. Special stress, however, is laid on *German Ins. Co. v. Davis*, 40 Nebr., 700, 712, where, in an opinion by the present chief justice, it is said: "In the case under review the plaintiff, before he was entitled to recover, was required to establish by competent evidence either that notice and proofs of loss were furnished the company within the time stated in, and according to the requirements of, the policy, or that the defendant waived the same." We have no doubt about the correctness of the statement quoted as applied to the facts of the *Davis Case*. The policy in that case expressly pro-

vided for a forfeiture of all claims under it, if proofs of loss were not furnished within sixty days after the destruction of the insured property. The policy in this case contains no such provision. It declares that "the loss shall not become payable until sixty days after * * proofs of the loss herein required have been received by this company." Another provision is that no suit shall be commenced on the contract "until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." There is no forfeiture expressly provided for, and we are not authorized to supply one by construction. Our conclusion upon this branch of the case is that the time within which proofs of loss were to be furnished is not of the essence of the contract; and that the failure to furnish such proofs within the prescribed period did not work a forfeiture of plaintiff's claim for idemnity. The authorities supporting this view are abundant: *Rheims v. Standard Fire Ins. Co.*, 39 W. Va., 672; *Tubbs v. Dwelling-House Ins. Co.*, 84 Mich., 646; *Steele v. German Ins. Co.*, 93 Mich., 81; *Kenton Ins. Co. v. Downs*, 90 Ky., 236; *Niagara Fire Ins. Co. v. Scammon*, 100 Ill., 644; *Vangindertaelen v. Phenix Ins. Co.*, 82 Wis., 112; 13 Am. & Eng. Ency. Law [2d ed.], 328.

Having reached the conclusion that the furnishing of proofs of loss within sixty days from the date of the fire was not a prerequisite to a suit upon the policy, the defendant's second proposition may be conceded.

This action was instituted within thirty days after plaintiff had furnished proofs of loss, and it is insisted by counsel for defendant that the right of action had not then accrued. It is alleged in the answer that the company had denied liability on the policy, and had refused to pay the plaintiff's claim, before suit was commenced. This, according to the authorities, amounted to a waiver of the right secured to the insurer by the clause providing that sixty days should intervene between the furnishing of proofs of loss and the commencement of an action

on the policy. It has been sometimes said that stipula-
tions like the one here in question are to be regarded
as contracts for credit; but it is, perhaps, more accurate
to say that they are intended to give the insurer time to
inquire into the cause of loss and make provision for
payment. *California Ins. Co. v. Gracey*, 15 Colo., 70; *Hand
v. National Live-Stock Ins. Co.*, 57 Minn., 519; *German Ins.
Co. v. Gibson*, 53 Ark., 494; *Cascade Fire & Marine Ins. Co.
v. Journal Publishing Co.*, 1 Wash., 452; 13 Am. & Eng.
Ency. Law [2d. ed.], 375. In *Star Union Lumber Co. v.
Finney*, 35 Nebr., 214, it was held, in an opinion by MAX-
WELL, C. J., that the provision is never effective to defeat
an action, and is to be construed merely as a stipulation
exempting the insurer from costs during the specified
period. Without accepting this view, or at this time dis-
senting from it, we hold, in conformity with the authori-
ites here and elsewhere, that an unqualified denial of
liability, and an absolute refusal to pay at any time, is a
waiver by the insurer of the right to have a stipulated
time within which to make payment. *Omaha Fire Ins.
Co. v. Hildebrand*, 54 Nebr., 306; *Home Fire Ins. Co. v.
Fallon*, 45 Nebr., 554. After the company had made its
investigation touching the cause of the loss and had de-
cided not to pay it at all, there existed no reason why
the question of its liability might not be immediately de-
termined. The supreme court of Arkansas, speaking upon
this subject in *German Ins. Co. v. Gibson, supra*, p. 501, said:
"It would be unreasonable to say that it [the insurer]
still retained the right to have the ninety days in which
to pay a loss that it never intended to pay. The object
of the agreement that the company should have the
ninety days was to give it time to pay after the loss was
adjusted. Why should it have the time when it did not
intend to pay? The denial of liability was inconsistent
with such a claim and was a waiver of it." Language
of like import is found in *Williamsburg City Fire Ins. Co.
v. Cary*, 83 Ill., 453, and in *Cascade Fire & Marine Ins. Co.
v. Journal Publishing Co., supra.* Counsel for defendant

thinks there is a distinction between a denial of liability on the ground that the policy was not in force when the loss occurred, and a denial grounded on a failure to furnish proofs of loss. We do not perceive the alleged distinction, and according to the adjudged cases, it does not exist. *Hand v. National Live-Stock Ins. Co., supra*; *California Ins. Co. v. Gracey, supra*; *Phillips v. Protection Ins. Co.,* 14 Mo., 167. The judgment is

AFFIRMED.