Phœnix Insurance Co. v. Lorton & Co.

---

## Phœnix Insurance Co. v. Lorton & Co.

1. INSURANCE—*Appraisement Clause—Condition Precedent.*—A policy of insurance contained a provision that in the event of disagreement as to the amount of loss, it should be ascertained by two competent and disinterested appraisers, the insured and the company each selecting one, and the two so chosen should first select a competent and disinterested umpire to whom they should submit their differences, if they failed to agree. *Held,* that in a case coming within the provision, the insured was bound to have the amount of loss ascertained by appraisement, or at least to offer to have it so ascertained, and that the appraisement became a condition precedent to his right of action.

2. SAME—*No Duty Rests upon Company to Take Initiative in Selection of Appraisers.*—In case of a disagreement no duty rests upon the insurance company, under an appraisement clause, to take the initiative in the selection of appraisers. It may sit by and await the demand of the insured for an appraisement.

**Assumpsit.**—Appeal from the Circuit Court of Greene County; the Hon. OWEN P. THOMPSON, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed April 30, 1903.

THOMAS T. & C. H. FAUNTLEROY, HENRY T. RAINEY and W. B. STRANG, attorneys for appellant.

D. J. SULLIVAN, attorney for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellees brought this suit upon a fire insurance policy covering a stock of goods at Herrick, Illinois, which was destroyed by fire on February 7, 1901. A trial by jury resulted in a verdict and judgment against appellant for $2,500. The policy contained among other provisions, the following:

" In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately the sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraisers respectively selected by them and shall bear equally the expenses of the appraisal and umpire." * * * " and the loss shall not become payable until sixty days after the notice, ascertainment and satisfactory proof of loss herein required, have been received by this company, including an award by appraisers, when appraisal has been required." " No suit or action on this policy for the recovery of any claim shall be sustainable under this policy, until after full compliance by the insured with the foregoing requirements."

Soon after the fire, Lorton met C. L. Whittemore, adjuster for appellant, by appointment at Niantic, Illinois, for the purpose of making out proofs of loss and adjusting the same. Proofs were prepared under the direction of Whittemore, but some disagreement arose between them as to the

loss actually sustained by appellees. Lorton claimed that the loss under this policy amounted to $4,997, and insisted that Whittemore pay him that sum. Whittemore contended that the amount was too large and that goods had been shipped out from the store just before the fire. There was no dispute between them except as to the amount of loss. Unable to secure payment himself, Lorton subsequently placed the claim in the hands of Hall & Carroll, experienced adjustees of St. Louis, who opened correspondence with Whittemore in behalf of appellee. They met Whittemore for the purpose of adjusting the claim, but an agreement could not be reached for the same reason that prevented one at Niantic, Whittemore contending that appellees had not sustained anything like the loss claimed by them. Whittemore then told them that he wanted an appraisal of the loss.

In the view taken by us of the evidence, here is a case coming clearly within the appraisal provision above quoted. The disagreement brought into operation that provision and forced upon the insured the duty of having the amount of loss ascertained by appraisement, or at least of offering to have it so ascertained. When brought into operation appraisement became a condition precedent to appellee's right of action. Niagara Ins. Co. v. Bishop, 49 Ill. App. 388; Dwelling House Ins. Co. v. Shaner, 52 Ill. App. 326; Phenix Ins. Co. v. Stocks, 149 Ill. 331; Dautel v. Ins. Co., 65 Mo. App. 50. In case of disagreement no duty rests upon the insurance company to take the initiative in the selection of appraisers. It may sit by and await the demand of the insured for an appraisement.

It is contended that the condition was waived. How? By Whittemore telling Lorton that if he got the full amount of his claim, he would have to get it in court? Counsel for appellees elects to treat that statement as equivalent to an unqualified denial of any liability. We can not take that view of it. Nor did the delay and quibbling over proofs of loss by appellant constitute a sufficient ground of waiver. In our opinion, the provision requiring

an appraisal had been brought into operation by disagreement of the parties as to the amount of the loss when suit was brought, and it has never been waived. The judgment will therefore be reversed and the cause remanded.