THE SAINT PAUL FIRE AND MARINE INSURANCE
COMPANY v. W. R. OWENS.

No. **13,598.** (77 Pac. 544.)

SYLLABUS BY THE COURT.

1. INSURANCE POLICY—_Failure to Make Proof of Loss in Time Not a Forfeiture._ Unless an insurance policy in express terms provides for a forfeiture in case proof of loss be not made within sixty days after the fire, a forfeiture will not be declared by the court.

2. ——— _Negligence Must be Wilful and Fraudulent._ Negligence of the assured sufficient to defeat a recovery on an insurance policy must be wilful, and of such degree as to amount to fraud.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed July 7, 1904. Affirmed.

*McFadden & Morris, Fyke Bros.*, and *Snider & Richardson*, for plaintiff in error.

*Sutton & Sutton*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This was an action to recover on a fire-insurance policy in which judgment was rendered for plaintiff. The defendant's demurrer to plaintiff's evidence was overruled, and the court, at the close of the evidence, refused to instruct the jury to find for the defendant. These are the first two errors alleged. They involve but one question, which is whether the failure of plaintiff to make proof of loss within sixty days after the fire forfeited his policy. It is contended that by the condition of the policy the failure on the part of the assured to make such proof within that time forfeited the policy. It may be pertinent to remark that proof of loss was made after sixty days, but before the action was brought, and that the action was brought within the time limited by the policy. A forfeiture is never declared by a court unless it is plainly and specifically provided for in the policy. The policy involved in this case does not declare that a forfeiture shall take place if proof of loss be not made within sixty days from date of the destruction of the property; it provides that proof of loss shall be made within that time, but does not declare that a failure to perform such condition shall work a forfeiture of plaintiff's right of action.

The insurance company is a Minnesota corporation and the form of its policy is provided by the laws of

that state. This question arose in the supreme court of that state upon the same form of policy sued on in this action. (*Mason v. St. Paul Fire & Marine Ins. Co.*, 82 Minn. 336, 338, 85 N. W. 13, 83 Am. St. Rep. 433.) In that case it was said :

"It is very generally held by the authorities in cases where this question has been presented, that unless the policy provides a forfeiture, or makes the service of proofs of loss within the time specified therein a condition precedent to the liability of the company, the time within which such proofs are required to be furnished is not of the essence of the contract. Where no forfeiture is provided by the terms of the contract, and the service of proofs of loss within the specified time is not made a condition precedent to the liability of the company, the effect of such failure is simply to postpone the day of payment."

On page 340 the court said :

"But the policy before us contains no provisions which will justify a holding that a strict compliance therewith in this respect is essential, and the matter must be referred to the legislature to consider and adjust by proper amendment to the standard-policy law, if such amendment shall be deemed just and equitable."

We think this is a correct interpretation of the policy, and that a forfeiture did not follow by reason of the neglect to make the proof of loss within the sixty days.

It is contended that the court erred in refusing to instruct the jury, in effect, that if the plaintiff's residence was destroyed by fire through his own negligence he could not recover. It was said in *Phœnix Ins. Co. v. Sullivan*, 39 Kan. 449, 451, 18 Pac. 528, that "insurance policies are taken out to guard against the results of negligence and carelessness." It is not a defense to an action on an insurance policy

to show that the property was destroyed through the plaintiff's negligence, unless such negligence was wilful or was of such degree as to amount to fraud.

It is also contended that the court erred in instructing the jury that under the pleadings and evidence the plaintiff was entitled to recover, unless the jury should find that the house, at some time during the life of the policy, had remained unoccupied as a dwelling for a period of ten days; that this instruction took from the consideration of the jury two important questions—the one concerning the proofs of loss, and whether the assured by his own negligence caused the fire which destroyed his property. As to the first question, there was no contention that proofs of loss were not in fact made, and the cause was litigated on the part of the defendant upon the theory that, such proofs not having been made within sixty days, the policy was forfeited. As to the second question, the answer did not charge that the negligence amounted to wilfulness or fraud on the part of the assured; nor did the evidence tend to prove any such degree of negligence.

No error was committed by the trial court, and the judgment is affirmed.

All the Justices concurring.