## NANCE v. OKLAHOMA FIRE INS. CO.

No. 1027.    Opinion Filed January 9, 1912.

(120 Pac. 948.)

1. **INSURANCE—Policy—Breach of Warranty.** A policy of insurance written upon the written application of the insured, insured against loss from fire "a one-story frame building." The terms of both the application and the policy made the answers of insured to the questions in the application his warranties. To the following question, "Are you the sole and undisputed owner of the property to be insured?" he answered, "Yes." Insured was the sole and absolute owner of the building insured and destroyed, but owned only an undivided half interest in the lot upon which the building was situated. **Held,** that said answer was not false, and constituted no breach of insured's warranty.

2. **INSURANCE—Action on Policy—Failure to File Proofs of Loss.** A policy provided that, in event of loss, proof of loss in writing, giving certain information designated in the policy, shall be rendered by the insured to the company within 60 days after the fire, and that no suit or action on the policy for the recovery of any claim shall be sustainable in any court until after compliance with said requirement. No proof of loss was rendered by the insured before the institution of his action on the policy or before trial. **Held,** that the action was prematurely brought, and could not be maintained.

3. **ESTOPPEL—Pleading.** In order for a party to avail himself of the doctrine of estoppel as constituting a part of his cause of action or defense, he should plead the facts constituting the estoppel.

4.    **TRIAL**—Demurrer to Evidence—Consideration of Incompetent
Evidence.   In considering a demurrer to the evidence, a trial
court may disregard incompetent testimony admitted over proper
objections, and, on appeal to this court from a ruling sustaining a
demurrer to the evidence, incompetent evidence admitted over
objection will not be considered for the purpose of reversing
such ruling.

(Syllabus by the Court.)

*Error from Choctaw County Court;*
*W. T. Glenn, Judge.*

Action by L. A. Nance against the Oklahoma Fire Insurance
Company.   Judgment for defendant, and plaintiff brings error.
Affirmed.

*Evans & Johnson* and *G. R. Wilcox,* for plaintiff in error.

*Brook & Brook,* for defendant in error.

HAYES, J.   This action was brought by plaintiff in error
in the court below against defendant in error to recover upon an
insurance policy issued by defendant to the plaintiff on the 10th
day of October, 1907, in the principal sum of $300, insuring
against loss by fire a one-story frame building on lot 1, in block
86, in the city of Hugo, Okla.   Plaintiff attaches the policy as an
exhibit to his petition, and makes it part thereof.   He alleges
the destruction by fire on the 8th day of May, 1908, and further
alleges that within 60 days thereafter he furnished the defendant
proof of loss of said building as required by the policy, and other-
wise performed on his part all the conditions of the policy, and al-
leges the failure of defendant to pay same. Defendant, by answer,
denies liability under the policy upon the ground that the policy
was issued to plaintiff upon his written application therefor,
which application was made a part of the policy and all represen-
tations therein the warranty of plaintiff; and that a certain rep-
resentation in the application was false; and upon the ground that
no proof of loss had been rendered at its home office in Muskogee,
as required by the policy.   At the trial, after plaintiff had intro-
dued his evidence, a demurrer thereto by defendant was sustained,
and judgment rendered for the defendant.   The specific grounds

set up in the demurrer were that the evidence disclosed that a certain representation in the application was false, which, being the warranty of plaintiff, rendered the policy void; and, second, that no proof of loss had been furnished as required by the policy. The application stipulates that, if any untrue statement or answer is made to any of the questions propounded therein, the policy to be issued shall be void, and that all of the statements contained in the application are the warranties of the insured. The policy also provides that the application on which the policy is written is made part of the policy, and that the insured warrants each and every statement in the policy to be true, and that, if any statement is false, the entire policy shall be wholly null and void. Under these provisions of the application and the policy, the truth of every statement made by plaintiff in the application becomes essential to the validity of the policy, and a misrepresentation by plaintiff avoids the contract. *Deming Investment Co. v. Shawnee Fire Ins. Co.*, 16 Okla. 1, 83 Pac. 918, 4 L. R. A. (N. S.) 607.

One of the questions and answers thereto in the application is as follows:

Question: "Are you the sole and undisputed owner of the property to be insured? Answer: Yes."

All the evidence is to the effect that plaintiff was the sole and absolute owner of the building destroyed, but that he owned only an undivided half interest in the lot upon which the same was situated. It is contended by the insurance company that his ownership of only one-half interest in the lot renders the foregoing statement false, in that he is not the sole owner thereof. We do not think this contention is sound. It will be noted that the question does not ask as to the ownership of the lot, but as to who is the owner of the property insured. The property insured was the building only. The policy does not cover the lot upon which it stands. Plaintiff, according to all the evidence, is the absolute owner of the building, and the answer made by him to the foregoing question was true.

The policy also provides, if a loss occurs thereunder, the assured shall give immediate notice of such loss in writing to the company, and shall, within 60 days after the fire, unless such

time is extended in writing by the company, render a statement to the company at its office in Muskogee, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the property destroyed, the cash value of each item, and numerous other matters are required by the policy to be included in said statement. This statement, which is known as a proof of loss, is required by the policy to be signed and sworn to by the insured. The policy contains also the following provision:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, including appraisal.    *    *    *"

The evidence without conflict establishes that no proof of loss as required by the policy has ever been furnished by plaintiff to the company either within the 60 days after the fire or before the trial of this cause in the court below.

The policy contains other requirements, for failure to comply with which the insured, it is provided, shall forfeit the policy; but the policy contains no stipulation of forfeiture for failure to furnish the proof of loss within the 60 days prescribed by the policy. The effect of the provisions in insurance policies similar to the one here involved is declared in Joyce on Insurance, section 3282, to be:

"If a policy of insurance provides that notice and proofs of loss are to be furnished within certain time after loss has occurred, but does not impose a forfeiture for failure to furnish them within the time prescribed, and does impose forfeiture for a failure to comply with other provisions of the contract, the insured may, it is held, maintain an action, though he does not furnish proofs within the time designated, provided he does furnish them at some time prior to commencing the action upon the policy. And this has been held to be true, even though the policy provides that no action can be maintained until after a full compliance with all the requirements thereof."

The rule of this text is supported by many well-reasoned cases: *Northern Assurance Co. v. Hanna,* 60 Neb. 29, 82 N. W. 97; *Kenton Insurance Co. v. Downs & Co.,* 90 Ky. 236, 13 S. W. 882, 12 Ky. Law Rep. 115; *Steele v. German Ins. Co.,* 93 Mich.

81, 53 N. W. 514, 18 L. R. A. 85; *Rheimes v. Standard Fire Ins. Co.,* 39 W. Va. 672, 20 S. E. 670; *Gerringer v. North Carolina Home Ins. Co.,* 133 N. C. 407, 45 S. E. 773; *Hartford Fire Ins. Co. v. Redding et al.,* 47 Fla. 228, 37 South. 62, 67 L. R. A. 518, 110 Am. St. Rep. 118; *Southern Fire Ins. Co. v. Knight et al.,* 111 Ga. 622, 36 S. E. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216; *Vangindertaelen v. Phenix Ins. Co.,* 82 Wis. 112, 51 N. W. 1122, 33 Am. St. Rep. 29; *Kahnweiler et al. v. Phenix Ins. Co.* (C. C.) 57 Fed. 562.

Plaintiff's failure to render proof of loss within the 60 days provided by the policy did not operate to forfeit his policy; but his right of action did not mature thereunder until such condition was complied with; and, since under all the proof in this case that requirement has never been complied with, he cannot recover in this action.

He introduced, over objection of defendant, evidence for the purpose of showing that this requirement of the policy had been waived. Evidence for such purpose was clearly incompetent, for it has often been held by this court that the doctrine of estoppel or waiver, in order to be availed of, the facts constituting the same must be pleaded. *Holt v. Holt,* 23 Okla. 639, 102 Pac. 187; *Cooper v. Flesner et al.,* 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180; *Blakemore v. Johnson,* 24 Okla. 544, 103 Pac. 554.

In considering a demurrer to the evidence, a trial court may disregard incompetent testimony admitted over proper objections; and, on appeal to this court from a ruling sustaining a demurrer to the evidence, incompetent evidence admitted over objection will not be considered for the purpose of reversing such ruling, and, if the competent evidence admitted fails to make out a *prima facie* case for the party against whom the demurrer is directed, the ruling of the trial court will be sustained. *Clinton Nat. Bank v. McKennon,* 26 Okla. 835, 110 Pac. 649; *Lee v. Railway Co.,* 67 Kan. 402, 73 Pac. 110, 63 L. R. A. 271.

We have, however, carefully examined all the evidence erroneously admitted for the purpose of establishing a waiver of

the requirements of the policy, and find that it is insufficient for that purpose.

The judgment of the trial court is affirmed.

All the Justices concur.