## DIXON v. STATE MUTUAL INS. CO.

No. 1984.   Opinion Filed September 17, 1912.

(126 Pac. 794.)

1.   **INSURANCE—Provisions of Fire Policy—Forfeiture.** Where an insurance policy provides that notice of loss must be given within 48 hours, and that the proofs of loss must be made within 60 days, but does not expressly provide that a failure to comply with these provisions shall forfeit the policy, and does expressly provide that a failure to comply with other provisions shall forfeit the policy, the policy is not forfeited by failure to give notice or make proof within the time limited by the policy, where the property destroyed was a building, and the loss was total, and the insured was not actuated by fraud or bad faith in failing to comply with the policy as to time of giving notice and making proof.

2.   **SAME—Premature Action on Policy.** Where an insurance policy provided that ''the loss should not become payable until sixty days after the notice, ascertainment, estimate, satisfactory proof and adjustment of loss herein required have been received by this company, including an award by arbitrators when arbitration has been required,'' suit cannot be brought before the expiration of 60 days after proofs of loss have been furnished the company, unless the time has been waived by the company.

(Syllabus by Rosser, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by Theodore F. Dixon against the State Mutual Insurance Company.   Judgment for defendant, and plaintiff brings error.   Affirmed.

*Everest, Smith & Campbell,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendant in error.

Opinion by ROSSER, C.   This is an action by Theodore F. Dixon against the State Mutual Insurance Company on a fire

insurance policy. The trial court sustained a demurrer to the second amended petition. The plaintiff declined to plead further, and brings the case here for review.

The petition alleged the issuance of the insurance policy on the 14th of October, 1905, on a certain barn; that the policy was for a term of five years from the 9th of October, 1905; that on the 26th of April, 1909, the property was struck by lightning, set on fire, and totally destroyed. The fourth paragraph of the petition is as follows:

"Plaintiff further avers and alleges that he did not immediately give notice of the loss of said building by fire, for the reason that the insurance policy issued by the said defendant aforesaid had been mislaid and temporarily lost, and plaintiff believed that said policy was for three years only, and not for five years, and was unaware that said policy was still in full force and valid. On or about the 13th day of September, 1909, plaintiff discovered said policy among some old title papers, and, upon reading the same, immediately discovered that said policy would not expire until October 9, 1910, and was still a valid and binding policy, and plaintiff at once notified the said defendant of the said loss and made proof of loss, which said proof of loss was accepted without objection. Said proof of loss was executed in duplicate, was duly verified by this plaintiff, and was duly delivered to the defendant insurance company at Oklahoma City, Okla., on the 14th day of September, 1909. A full, true, and correct copy of said proof of loss is hereto attached, marked 'Exhibit B,' and made a part hereof."

This suit was brought October 22, 1909. The policy, which was made an exhibit to the petition, contained the following provisions:

"In case of loss the insured shall within forty-eight hours send notice to the secretary of this company by registered mail, protect the property from further damage; forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and, within sixty days after the loss, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire, if the loss be by fire; the interest of the insured and

of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupancy, location, possession, or exposure of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of loss; and shall furnish, if required, verified plans and specifications of any building, fixtures, or machinery destroyed or damaged; and shall also, if required, furnish a certificate of the magistrate or notary public not interested in the claim as a creditor or otherwise, nor related to the insured, living nearest the place of loss, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify.

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, satisfactory proof and adjustment of the loss herein required have been received by this company, including an award by arbitrators—when arbitration has been required.

"It is hereby expressly provided that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or equity, until after full compliance by the assured with all the requirements of this policy; nor unless such suit or action shall be commenced within six months next after the alleged loss occurred; and should any suit or action be commenced against this company, or counterclaim pleaded, by the assured after the expiration of the aforesaid six months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim.

"This policy is made and accepted subject to the foregoing stipulations and conditions and the conditions and stipulations on the back hereof, which are hereby made a part of this policy, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power

or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

One question involved here is whether, having failed to give notice, and make proof within the time fixed by the policy, plaintiff can maintain the action.

That the insurance company had the right to make the time for giving notice, and within which proofs of loss must have been filed, of the essence of the contract, cannot be questioned. Unless time was made of the essence of the contract, the company cannot escape liability for the loss, except it appears that they were injured by the failure of the insured to comply with the letter of the contract as to time for giving notice and making proof. An examination of the entire policy shows that by its express terms a failure to comply with some of its provisions renders it void. But failure to give notice and to file proof is not expressly made a ground of forfeiture. The maxim, *expressio unius est exclusio alterius*, applies.

The case of *Nance v. Oklahoma Fire Ins. Co.*, 31 Okla. 208, 120 Pac. 948, is in point upon the question of proof of loss. In that case, the court, speaking by Justice Hayes, said:

"The policy contains other requirements, failure to comply with which the insured, it is provided, shall forfeit the policy; but the policy contains no stipulation of forfeiture for failure to furnish the proof of loss within the sixty days prescribed by the policy. The effect of provisions in insurance policies similar to the one here involved is declared in Joyce on Insurance, sec. 3282, to be: 'If a policy of insurance provides that notice and proofs of loss are to be furnished within a certain time after loss has occurred, but does not impose a forfeiture for failure to furnish them within the time prescribed, and does impose forfeiture for a failure to comply with other provisions of the contract, the insured may, it is held, maintain an action, though he does not furnish proofs within the time designated, provided he does furnish them at some time prior to commencing the action upon the policy. And this has been held to be true, even though the policy provides that no action can be maintained until after a full compliance with all the requirements thereof.' The rule of this text

is supported by many well-reasoned cases: *Northern Assurance Co. v. Hanna,* 60 Neb. 29, 82 N. W. 97; *Kenton Insurance Co. v. Downs & Co.,* 90 Ky. 236, 13 S. W. 882, 12 Ky. Law Rep. 115; *Steele v. German Ins. Co.,* 93 Mich. 81, 53 N. W. 514, 18 L. R. A. 85; *Rheims v. Standard Fire Ins. Co.,* 39 W. Va. 672, 20 S. E. 670; *Gerringer v. North Carolina Home Ins. Co.,* 133 N. C. 407, 45 S. E. 773; *Hartford Fire Ins. Co. v. Redding et al.,* 47 Fla. 228, 37 South. 62, 67 L. R. A. 518, 110 Am. St. Rep. 118; *Southern Fire Ins. Co. v. Knight et al.,* 111 Ga. 622, 36 S. E. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216; *Vangindertaelen v. Phenix Ins. Co.,* 82 Wis. 112, 51 N. W. 1122, 33 Am. St. Rep. 29; *Kahnweiler et al. v. Phenix Ins. Co.* (C. C.) 57 Fed. 562. Plaintiff's failure to render proof of loss within the sixty days provided by the policy did not operate to forfeit his policy; but his right of action did not mature thereunder until such condition was complied with; and, since under all the proof in this case that requirement has never been complied with, he cannot recover in this action."

In addition to the cases cited in *Nance v. Oklahoma Fire Ins. Co.,* 31 Okla. 208, 120 Pac. 948, the cases of *Welch v. Fire Ass'n of Philadelphia,* 120 Wis. 456, 98 N. W. 227, *St. Paul Fire & Marine Ins. Co. v. Owens,* 69 Kan. 602, 77 Pac. 544, *Mason v. St. Paul Fire & Marine Ins. Co.,* 82 Minn. 336, 85 N. W. 13, 83 Am. St. Rep. 433, and *Flatley v. Phenix Ins. Co.,* 95 Wis. 618, 70 N. W. 828, support the rule there laid down. No case exactly like the present has been cited or found upon the question of giving notice of the loss. *Solomon v. Continental Fire Ins. Co.,* 160 N. Y. 595, 55 N. E. 279, 46 L. R. A. 682, 73 Am. St. Rep. 707, is somewhat like it. In that case Solomon, who was the assignee of the insured, failed to find the policy for 50 days after the fire. He then gave notice. The policy provided that in case of fire "immediate notice" should be given the company. It was held that the notice was not too late.

Under the policy, as soon as the fire occurred, the plaintiff had the right to the amount the policy called for. The policy stipulated that he should give notice within 48 hours, and file proofs of loss within 60 days. But neither of these requirements were made conditions, nonperformance of which would defeat the policy. These stipulations were written for the benefit of the company. The first to enable it, if it so desired, to examine into

the cause and the extent of the fire as soon as possible, in order to protect itself against fraudulent claims, and the other to furnish it with data upon which to base a settlement, and to stay action until it should have had a sufficient time to ascertain the correctness or incorrectness of the claim. Unless, then, the giving of notice and making of proof were conditions, the policy should not be forfeited because they were not strictly complied with. Unless these stipulations were conditions, it makes no difference why they were not performed, provided the failure to perform them was not an act of fraud or bad faith on the part of Dixon, the insured, and did not injure the company. Unless Dixon was actuated by fraud or bad faith in withholding the notice and proof of loss, the company cannot defeat liability for his failure in giving notice and making proof, any further than it was injured by the failure. A. says to B.: "You pay me a certain sum, and, if your property burns, I will pay you a certain greater sum, but, if it burns, you must let me know in 48 hours." B. says: "All right, I will." He pays the premium. His property burns, but, without any bad motive, he neglects to notify A. for a longer time. Should A. escape liability for the amount he promised to pay in case of fire? That is this case. There is no bad faith appearing in the facts as alleged in the petition. The question of giving notice stands on the same footing with that of making proof of loss. The allegations of the petition are that the property insured was a barn, and it was totally destroyed. There is no just reason for holding the policy void. To so hold would be to allow the company to escape liability on a technical ground, which it had not expressly made a ground for forfeiting the policy, and where it had not been injured by the failure of the insured to give notice and make proof, and where the insured was not actuated by bad faith in failing to comply with the conditions of the policy. This case must not be considered as authority for the proposition that the insured could willfully neglect to give notice and still maintain an action. In this case, too, the property destroyed was real property, and the loss was alleged to be total. No opinion is expressed as to the effect of a failure, even though not willful, to give notice of a

loss of personal property capable of being moved, or of a partial loss of buildings.

The next contention is that the action was prematurely brought. The policy provided that action could not be brought until 60 days after the proofs of loss were furnished. Sixty days had not elapsed when the suit was brought. This contention must be sustained. It was held in *Nance v. Oklahoma Fire Ins. Co.,* 31 Okla. 208, 120 Pac. 948, that, where suit was brought before proofs of loss were furnished, it was prematurely brought. If, by the contract, proof of loss was necessary before suit could be brought, then they must have been furnished for the length of time prescribed by the contract.

In *Mason v. St. Paul Fire & Marine Ins. Co.,* 82 Minn. 336, 85 N. W. 13, 83 Am. St. Rep. 433, the court said:

"It is very generally held by the authorities in cases where this question has been presented that unless the policy provides a forfeiture, or makes the service of proofs of loss within the time specified therein a condition precedent to the liability of the company, the time within which such proofs are required to be furnished is not of the essence of the contract. Where no forfeiture is provided by the terms of the contract, and the service of proofs of loss within the specified time is not made a condition precedent to the liability of the company, the effect of such failure is simply to postpone the day of payment."

This language was quoted with approval in *St. Paul Fire & Marine Ins. Co. v. Owens,* 69 Kan. 602, 77 Pac. 544. And the following authorities, among many that might be cited, sustain the view that suit cannot be brought until the expiration of the 60 days after proofs of loss are furnished: *Gillon v. Northern Ins. Co.,* 127 Cal. 480, 59 Pac. 901; *Dwelling House Ins. Co. v. Shaner,* 52 Ill. App. 326; *Von Genechtin v. Citizens' Ins. Co.,* 75 Iowa, 544, 39 N. W. 881; *Bryant v. Commonwealth Ins. Co.,* 6 Pick. (Mass.) 131; *Fire Ass'n v. Colgin* (Tex. Civ. App.) 33 S. W. 1004.

The petition showed upon its face that notice had not been given 60 days at the time action was brought, and it is not alleged

that the time was waived. It was therefore prematurely brought, and the demurrer was properly sustained.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.