(December 22, 1917.)

SOUTHERN IDAHO CONFERENCE ASSOCIATION OF SEVENTH DAY ADVENTISTS, a Corporation, Respondent, v. HARTFORD FIRE INSURANCE COMPANY, a Corporation, Appellant.

[169 Pac. 616.]

Fire Insurance—Proof of Loss..

1. In an action on a standard fire insurance policy, where fire occurred resulting in a total loss of the property insured, *held,* that

---

On effect of failure to give notice or make proof of loss within time required in policy in the absence of forfeiture clause, see note in L. R. A. 1915F, 1210.

a failure to submit proof of loss within the time specified in the policy is not fatal to an action on the policy.

[As to furnishing proofs of loss within prescribed time as condition precedent to recovery on fire insurance policy, see note in Ann. Cas. 1912C, 604.]

APPEAL from the District Court of the Third Judicial District, for Ada County.  Hon. Chas. P. McCarthy, Judge.

Action on fire insurance policy.  Judgment for plaintiff. *Affirmed.*

Martin & Martin, for Appellant.

The assured must comply with the terms of his contract in that he must file his proof of loss within sixty days after the fire.  The court has no power to change that contract. It conforms to high public policy that the insured should notify the company within a reasonable time after the loss, so that the company may take such means as it deems necessary to make investigations as to whether the loss is a just one, and for the further reason that the public, as well as the company, is entitled to know what liabilities are outstanding against it.  (*White v. Home Mutual Ins. Co.,* 128 Cal. 131, 60 Pac. 666; *Davis v. Northwestern Mut. Fire Assn.,* 48 Wash. 50, 15 Ann. Cás. 333, 92 Pac. 881; *Davis v. Pioneer Mut. Ins. Assn.,* 44 Wash. 532, 87 Pac. 829; *San Francisco Savings Union v. Western Assurance Co.,* 157 Fed. 695; *Missouri Pac. Ry. Co. v. Western Assur. Co.,* 129 Fed. 610; *Maier v. Fidelity Mut. Life Assn.,* 78 Fed. 566, 24 C. C. A. 239; *Bruce v. Phoenix Ins. Co. (German Sav. & Loan Society),* 24 Or. 486, 34 Pac. 16; *Citizens' Mut. Fire Ins. Co. v. Conowingo Bridge Co.,* 113 Md. 430, 77 Atl. 378; *Morris v. Dutchess Ins. Co.,* 67 W. Va. 368, 68 S. E. 22; *Castell v. Woodcock,* 121 N. Y. Supp. 585; *Scottish Union & National Ins. Co. v. Encampment Smelting Co.,* 166 Fed. 231, 92 C. C. A. 139; *American Ins. Co. v. Haynie,* 91 Ark. 43, 120 S. W. 825; *Bennett v. Aetna Ins. Co.,* 201 Mass. 554, 131 Am. St. 414, 88 N. E. 335; *Smith v. Scottish Union & National Ins. Co.,* 200 Mass. 50, 85 N. E. 841; *Commercial Fire*

*Ins. Co. v. Waldren,* 88 Ark. 120, 114 S. W. 210; *Slocum v. Saratoga & Washington Fire Ins. Co.,* 149 App. Div. 867, 134 N. Y. Supp. 72; *Peabody v. Satterlee,* 166 N. Y. 174, 59 N. E. 818, 52 L. R. A. 956.)

Richard H. Johnson, for Respondent.

"If a policy of insurance provides that notice and proofs of loss are to be furnished within a certain time after loss has occurred, but does not impose a forfeiture for failure to furnish them within the time prescribed, and does impose forfeiture for a failure to comply with other provisions of the contract, the insured may, it is held, maintain an action, though he does not furnish proofs within the time designated, provided that he does furnish them at some time prior to commencing the action upon the policy." (Joyce on Insurance, sec. 3282; *Dakin v. Queen City Fire Ins. Co.,* 59 Or. 269, 117 Pac. 419; *Nance v. Oklahoma Fire Ins. Co.,* 31 Okl. 208, 120 Pac. 948, 38 L. R. A., N. S., 426, 431; *Commercial Union Co. v. Shults,* 37 Okl. 95, 130 Pac. 572; *North British etc. Ins. Co. v. Edmunson,* 104 Va. 486, 52 S. E. 350; *Loewenstein v. Queen Ins. Co.,* 227 Mo. 100, 127 S. W. 72; *Taber v. Royal Ins. Co.,* 124 Ala. 681, 26 So. 252; *Indian River Bank v. Hartford Fire Ins. Co.,* 46 Fla. 283, 35 So. 228; *Continental Fire Ins. Co. v. Whitaker,* 112 Tenn. 151, 105 Am. St. 916, 79 S. W. 119, 64 L. R. A. 451; *Welch v. Fire Assn.,* 120 Wis. 456, 98 N. W. 227; *Flatley v. Phoenix Ins. Co.,* 95 Wis. 618, 70 N. W. 828; *Munson v. German-Am. Fire Ins. Co.,* 55 W. Va. 423, 47 S. E. 160; *S. M. Smith Ins. Agency v. Hamilton Fire Ins. Co.,* 69 W. Va. 129, 71 S. E. 194; *Mason v. St. Paul Fire & Marine Ins. Co.,* 82 Minn. 336, 83 Am. St. 433, 85 N. W. 13; *Gragg v. Home Ins. Co.,* 28 Ky. Law, 988, 90 S. W. 1045; *St. Paul Fire & Marine Ins. Co. v. Owens,* 69 Kan. 602, 77 Pac. 544; *Higson v. North River Ins. Co.,* 152 N. C. 206, 67 S. E. 509.)

RICE, J.—This is an action upon a standard fire insurance policy, issued by the appellant company upon the academy and dormatories belonging to the respondent. The

property covered by the policy burned November 21, 1911, and was a total loss. The proof of loss was submitted by respondent January 30, 1912, or ten days after the sixty days provided for in the policy had expired.

The terms of the policy, material to this appeal, are as follows:

"The Hartford Fire Insurance Company in consideration of the stipulations herein named, and of One hundred twenty-two & 50/100 Dollars premium does insure Southern Idaho Conference Ass'n., for the term of three years . . . . against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding Three thousand five hundred Dollars. . . . . "

"This policy is made and accepted subject to the following stipulations and conditions printed on the back hereto which are hereby specially referred to and made a part of this policy. . . . .

"If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, . . . . ; and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a written statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; . . . .

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until after sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required. . . . .

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements nor unless commenced within twelve months next after the fire."

Other provisions were contained in the policy expressly avoiding the same under certain conditions therein set forth.

The first question submitted on this appeal is whether the failure to submit proof of loss within sixty days is fatal to this action. On this question there are two distinct lines of authorities. The one holds that the submission of proof by the holder of the policy within the time limit stated in the policy is a condition precedent to the right of recovery. Reference may be made to the cases of *San Francisco Sav. Union v. Western Assur. Co.*, 157 Fed. 695, and *White v. Home Mutual Ins. Co.*, 128 Cal. 131, 60 Pac. 666, as setting forth very clearly the position of the courts which so hold. Among the authorities supporting the view that the failure to submit proof of loss within the time specified in the policy is not of itself fatal to the right of recovery, are the following: *Dakin v. Queen City Fire Ins. Co.*, 59 Or. 269, 117 Pac. 419; *Nance v. Oklahoma Fire Ins. Co.*, 31 Okl. 208, 120 Pac. 948, 38 L. R. A., N. S., 426; *Dixon v. State Mut. Ins. Co.*, 34 Okl. 624, 126 Pac. 794, L. R. A. 1915F, 1210; *Commercial Union Co. v. Shults*, 37 Okl. 95, 130 Pac. 572; *North British etc. Ins. Co. v. Edmunson*, 104 Va. 486, 52 S. E. 350; *Taber v. Royal Ins. Co.*, 124 Ala. 681, 26 So. 252; *Indian River Bank v. Hartford Fire Ins. Co.*, 46 Fla. 283, 35 So. 228; *Continental Fire Ins. Co. v. Whitaker*, 112 Tenn. 151, 105 Am. St. 916, 79 S. W. 119, 64 L. R. A. 451; *Welch v. Fire Assn.*, 120 Wis. 456, 98 N. W. 227; *Flatley v. Phoenix Ins. Co.*, 95 Wis. 618, 70 N. W. 828; *Munson v. German etc. Ins. Co.*, 55 W. Va. 423, 47 S. E. 160; *S. M. Smith Ins. Agency v. Hamilton Fire Ins. Co.*, 69 W. Va. 129, 71 S. E. 194; *Mason v. St. Paul etc. Ins. Co.*, 82 Minn. 336, 83 Am. St. 433, 85 N. W. 13; *Gragg v. Home Ins. Co.*, 28 Ky. Law, 988, 90 S. W. 1045; *St. Paul Fire & Marine Ins. Co. v. Owens*, 69 Kan. 602, 77 Pac. 544; *Higson v. North River Ins. Co.*, 152 N. C. 206, 67 S. E. 509; *Northern Assur. Co. v. Hanna*, 60 Neb. 29, 82 N. W. 97; *Southern Fire Ins. Co. v. Knight*, 111 Ga. 622, 78 Am. St. 216, 36 S. E. 821, 52 L. R. A. 70; *Steele v. German Ins. Co.*, 93 Mich. 81, 53 N. W. 514, 18 L. R. A. 85; *Coventry Mutual Livestock Assn. v. Evans*, 102 Pa. St. 281.

When the property was destroyed by fire under conditions which by the terms of the policy did not render it void, the liability of the appellant company accrued. A contract of insurance is not unilateral, as that term is sometimes used, for the insured has paid a consideration therefor. The provision that if a fire occurs the insured shall within sixty days after the fire, unless such time is extended in writing by the company, render a statement to the company containing the required proof of loss, has no reference to any condition or stipulation affecting the risk itself, but is a provision requiring an act to be performed after the liability has accrued. We think if this provision be construed to contain a condition precedent to the right to recover on the policy, a failure to conform to it would result in a forfeiture of a legal right. The provision is therefore to be strictly construed against the company. It does not in terms provide that the penalty for failure to furnish proof within sixty days shall be a forfeiture of the right to recover. Neither does the provision that "the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required shall have been received by the company," contain the further restriction that such proof must be received within sixty days after the fire. The time within which proof of loss is to be submitted is not made the essence of the contract when strictly construed against the company. We hold that the failure to submit proof of loss within sixty days is not fatal to this action.

The question of waiver, which was argued at considerable length, becomes immaterial, as well as other errors assigned by appellant.

The judgment is affirmed. Costs awarded to respondent.

Budge, C. J., and Morgan, J., concur.