**CENTRAL MANUFACTURERS' MUT. INS. CO. v. ELLIOTT et al.**

No. 3922.

United States Court of Appeals
Tenth Circuit.

Nov. 7, 1949.

F. A. Rittenhouse, Oklahoma City, Okl. (John F. Webster, Walter D. Hanson, and Olive R. Rittenhouse, Oklahoma City, Okl., on the brief), for appellant.

C. L. McArthur, Ada, Okl. (Hobert G. Orton, Ada, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Lee Elliott and J. C. Shortes, Sr. instituted this action against the Central Manufacturers' Mutual Insurance Company in the District Court of Pontotoc County, Oklahoma, to recover a sum alleged to be due under an insurance policy insuring certain pulling units.[1] Jurisdictional factors being present, the action was removed to the United States District Court for the Eastern District of Oklahoma. Trial was had to the court, judgment was entered for plaintiffs, and the company has appealed.

The insurance policy insured the pulling units in question against loss by fire to the extent of $7500.00. The policy excepted from coverage "loss or damage to property caused by or incidental to blowout or cratering of any oil or gas well or any fire loss or damage resulting therefrom."

On December 10, 1947, one of the insured units, a Wichtex Pulling Unit, mounted on a truck, together with oil well servicing equipment, and other insured property, was destroyed by fire while being used as a part of a drilling rig in Garvin County, Oklahoma. Liability for loss being denied, this action was filed and tried with the above result.

Appellant's defense was that the fire was a result of a blow-out and that therefore the resulting loss was excluded from coverage under the above-quoted exclusion clause.

The facts concerning which there is no dispute are these. On December 8, when the well had been drilled to a depth of approximately 1250 feet, gas and water began issuing from the well. On December 9, heavy mud was used to stop the flow of gas. On the morning of December 10, the gas and water began flowing again. In the afternoon, when a nearby motor was started to pick up the pipe which was to be placed on the rig floor, an explosion causing the fire and the loss.

1. Pulling Units are equipment used in the drilling and development of oil and gas leases.

Aside from a preliminary question relating to the striking of paragraph nine from the answer and the exclusion of some proffered evidence by appellant, the sole question is whether the trial court's finding that the explosion and loss were not the result of a "blow-out", as that term is used in such cases, is supported by the record.

The question relating to the striking of paragraph nine of the answer and that relating to the excluded evidence raises substantially the same issue. Paragraph nine of the answer, in substance, alleged that the rules and regulations of the Corporation Commission of the State of Oklahoma required the use of Blow-Out Preventers and Casingheads in proven areas; and a master-gate, or its equivalent, an adequate blow-out preventer, together with a flow line valve of the proper size and working pressure, in unproven areas; and that such rules and regulations had not been complied with in this instance. This paragraph was stricken and the company's offer to prove the rules and regulations, as pled, was overruled.

■ The court did not err in striking the paragraph and in refusing to receive the proffered evidence. The only purpose thereof was to prove negligence on the part of the insured in the operation of the insured equipment. Assuming, without deciding, that insured were negligent in their operation, that would not be a defense in an action on the policy. It is well established that mere negligence on the part of an insured will not defeat recovery on the policy. The law requires the insurer to assume the risk of negligence of the insured and permits recovery even though the negligence of the insured caused the loss. In the absence of fraud or gross negligence, the insured's negligence is no defense against the right to recover for loss falling within the coverage of the policy.[2] There was no allegation of fraud or gross negligence.

■ As stated, the main question in the case was whether the court's finding that loss was not the result of a "blow-out" is sustained by the record. The term "blow-out" as used in oil operations has a technical meaning. It is generally defined as a condition in which a well builds up a sufficient gas pressure at the bottom of the hole and causes a rather sudden, forceful eruption or explosion which cleans out the well and causes it to go out of control.[3]

A hypothetical question setting out the facts as to the manner in which the well acted during the time in question and as to the manner in which the gas escaped was propounded to numerous witnesses. They were then asked whether, in their opinion as experts, these facts constituted a "blow-out". In the interest of brevity, we will not narrate these facts. They fairly state the conditions and actions of the well during the time in question, and in the main there is no dispute concerning the same.

Six witnesses testified for the insured that, in their opinion, the well did not blow out. In addition to these six witnesses, Fred Bowles, a conservation officer employed by the Oklahoma Corporation Commission, testified that under the condition of the well at the time, there was no "blow-out". For the company, two witnesses testified that, in their opinion, there was a "blow-out".

There was a great deal of testimony warranting the conclusion that there was no sudden, violent eruption which cleaned out the hole, and that the well was not out of control prior to the explosion or fire, but rather that there was a gradual escape of gas through the mud and water in the well that settled around the well which was ignited by a spark when the engine was started. In the interest of brevity, we do not

2. Federal Ins. Co. v. Tamiami Trail Tours, 5 Cir., 117 F.2d 794; Columbia Ins. Co. v. Lawrence, 10 Pet. 507, 35 U.S. 507, 9 L.Ed. 512; Phoenix Ins. Co. v. Erie & W. Transp. Co., 117 U.S. 312, 6 S.Ct. 750, 29 L.Ed. 873; St. Paul Fire & Marine Ins. Co. v. Owens, 69 Kan. 602, 77 P. 544.

3. While Green v. General Petroleum Corporation, 205 Cal. 328, 270 P. 952, 60 A.L.R. 475, and Watkins v. Gulf Refining Company, 206 La. 942, 20 So.2d 273, are not decisive, they do contain a good description of what conditions constitute a blow-out.

set out in detail all this mass of conflicting evidence. Suffice it to say that a careful perusal of the record sustains the conclusion that the great weight of evidence supports the court's finding that there was no "blow-out".

Affirmed.