**FEENEY AND MEYERS, a copartnership, composed of Mark Feeney and Chas. Meyers doing business as Feeney and Meyers, Appellants,**

v.

**EMPIRE STATE INSURANCE COMPANY OF WATERTOWN, NEW YORK, Appellee.**

No. 5176.

United States Court of Appeals
Tenth Circuit.

Dec. 27, 1955.

J. E. Williams and George N. Otey, Ardmore, Okl. (E. H. Williams, W. J. Williams and Otey, Johnson & Evans, Ardmore, Okl., were with them on the brief), for appellants.

Walter D. Hanson, Oklahoma City, Okl. (Clarence P. Green, Oklahoma City, Okl., was with him on the brief), for appellee.

Before BRATTON and HUXMAN, Circuit Judges, and CHRISTENSON, District Judge.

HUXMAN, Circuit Judge.

Appellants, Feeney and Meyers, instituted this action against the appellee, the Empire State Insurance Company of Watertown, New York, on an insurance policy issued by the company to recover for loss of certain well servicing equipment which was destroyed or damaged while an oil well was being serviced by appellants. The policy on which suit was predicated insured the equipment against loss resulting from "Fire and Lightning, Cyclone, Tornado and/or Windstorm, Flood, Earthquake, Explosion (with exceptions not material herein), etc." It contained an exclusion clause providing that the "policy does not cover loss or damage caused by a Blowout or Cratering of an oil or gas well."

The defense to the action was that the loss resulted from a blowout and was therefore excluded from coverage under the above quoted exclusion clause.

A jury was empanelled and evidence was taken. It is without dispute that a fire occurred and that the loss resulted directly from the fire. The only disputed issue of fact was whether there was a preceding blowout and whether it was the proximate cause of the loss so as to

relieve the company from liability under the exclusion clause.

At the conclusion of the evidence, the trial court dismissed the jury, wrote an opinion holding there was a blowout and that the loss was the direct result of the blowout, for which the company was not liable under the exclusion clause, and directed entry of judgment for appellee.

While appellants do not concede that a blowout occurred and contend that that was a disputed issue of fact which should have been submitted to the jury, for the purpose of this opinion it will be assumed that a blowout did occur and that it was the cause of the ensuing fire. It is nonetheless our conclusion that there was liability under the policy.

It is a well-recognized principle of law that exclusion clauses will be strictly construed and any ambiguity therein will be resolved against the company.[1] That, of course, does not warrant one in seeking ambiguity where none in fact exists.

The question then is what did the company intend to exclude from coverage by the use of the term "loss or damage caused by Blowout * * *, etc." It must be conceded that there can be a blowout without resulting fire and that such a blowout can result in loss. Such loss clearly would be outside the coverage of the policy under the exclusion clause. The policy in general terms and without exception covered loss resulting from fire. Did the company intend to exclude loss resulting from a fire caused by a blowout? The policy does not so state. Had that been the intent of the exclusion clause, it would have been a simple matter to exclude *"loss or damage caused by a blowout or fire resulting from a blowout."* To argue that the blowout was the efficient or proximate cause and the fire only the secondary cause begs the question. Our question is not to determine whether the blowout was the proximate cause and the fire a secondary cause contributing to the loss, but did the company intend to exclude from coverage loss from fire which was proximately caused by a blowout.

Our decision in Central Manufacturers' Mutual Insurance Co. v. Elliott, 10 Cir., 177 F.2d 1011, cited by the trial court in its opinion, is of value only insofar as it defines the term "blowout." It is also a good illustration of an exclusion clause which is clear and unambiguous. That case likewise involved an insurance policy insuring, among other things, against loss from fire. It also had an exclusion clause relating to blowout or cratering of an oil well. The exclusion clause excluded from coverage " 'loss or damage to property caused by or incidental to blowout or cratering of any oil or gas well *or any fire loss or damage resulting therefrom.*' "[2] Had similar language been included in this exclusion clause, the only question then would be whether there was a blowout and, if so, whether it caused the fire.

The policy in this case covers much more than loss from fire. It covers loss from cyclone, flood and earthquakes, but excluded loss from blowouts. Since there can be loss from a blowout without fire ensuing therefrom, as there can be loss from cyclones or earthquakes without a resulting fire, and since the policy in general terms covers loss from fire without exception or limitation as to the cause of the fire, the conclusion must be that a loss from fire caused by a blowout is within the coverage of the policy.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

1. E.g., B. & H. Passmore Metal & Roofing Co. v. New Amsterdam Casualty Co., 10 Cir., 1945, 147 F.2d 536, 538; In re Schluter, Green & Co., 4 Cir., 1938, 93 F. 2d 810, 813; Sutton v. Hawkeye Casualty Co., 6 Cir., 1943, 138 F.2d 781, 783;

Spence v. New York Life Ins. Co., 1941, 154 Kan. 379, 118 P.2d 514, 517, 137 A. L.R. 753; Pioneer Life Ins. Co. v. Alliance Life Ins. Co., 1940, 374 Ill. 576, 30 N.E.2d 66, 71–72.

2. Emphasis supplied.